THE STATE, EX REL. OSBORN, APPELLANT, *v.* JACKSON, DIR.,
DEPT. OF TRANSPORTATION, APPELLEE.

[Cite as State, ex rel. Osborn, v. Jackson
(1976), 46 Ohio St. 2d 41.]

42

(No. 75-847—Decided April 21, 1976.)

*Messrs. Clayman & Jaffy, Mr. David Clayman, Mr.* *Stewart R. Jaffy* and *Mr. John W. Kenesey,* for appellant.
*Mr. William J. Brown,* attorney general, *Mrs. Mary-* *ann B. Gall* and *Mr. Stephen D. Freedman,* for appellee.

O'NEILL, C. J. The relator, in support of his request that a writ of mandamus be allowed, contends that under the provisions of R. C. Chapter 124, the Civil Service Act, and R. C. Chapter 119, the Administrative Procedure Act, the Court of Common Pleas of Franklin County has no jurisdiction to hear an appeal filed by the Director of the Department of Transportation from an adverse decision of the State Personnel Board of Review disaffirming the director's layoff of relator and ordering relator restored to his job. The relator also contends that since the director has no statutory right of appeal to the Court of Common Pleas, the director is under a clear legal duty to comply with the board's order to restore relator to his job and relator has no plain and adequate remedy in the ordinary course of the law.

The director asserts that, since he has attempted to appeal the decision of the board to the Court of Common Pleas, and that court has determined its own jurisdiction and accepted and ruled upon that attempted appeal, mandamus will not lie because the relator has a plain

and adequate remedy in the ordinary course of the law by way of appeal to the Court of Appeals.

The director makes two other contentions: The first is that the jurisdiction of the State Personnel Board of Review to hear appeals relative to layoffs is restricted to cases in which it is alleged that the layoffs are politically motivated or the result of personal discrimination; the second is that under R. C. Chapter 119 the state has a right to appeal to the Court of Common Pleas from an adverse decision of the State Personnel Board of Review relative to layoffs.

With regard to both of these latter contentions, the director urges that they need not be decided by this court in this mandamus action, but should be left for consideration on appeal to the Court of Appeals in the case pending (decision not journalized at the time of oral argument of the instant case before this court) in the Court of Common Pleas on appeal by the director from the board's order.

This court agrees with the contentions of the relator. The judgment of the Court of Appeals is reversed and the writ of mandamus is allowed.

## I.

The first question presented is: Does the relator have a right of appeal to the State Personnel Board of Review (board) from a layoff order of the director, laying off the relator from his job for the alleged reason of lack of work?

The answer to that question is: The relator has a right of appeal to the board. That right is set forth in plain language in R. C. 124.03 (formerly R. C. 143.012). The pertinent language in R. C. 124.03 is:

"The State Personnel Board of Review shall exercise the following powers and perform the following duties of the Department of Administrative Services:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to * * * layoff * * *: the board may affirm, disaffirm, or modify the decisions of

the appointing authorities * * * and its decision is final; * * * ''

The controlling rule of law is stated in [*State, ex rel.*] *Kendrick* v. *Masheter* (1964), 176 Ohio St. 232, 199 N. E. 2d 13, in paragraph one of the syllabus, as follows:

"The State Personnel Board of Review has jurisdiction under Section 143.012, Revised Code [now R. C. 124.-03], to hear, in accordance with the applicable procedural requirements of Chapter 119, Revised Code, appeals by employees in the classified state service from final decisions of appointing authorities relative to layoff."

Respondent contends that the jurisdiction of the board to hear an appeal of the relator relative to a layoff is restricted to cases where layoffs are alleged to be politically motivated or the result of personal discrimination.

The Court of Appeals raises that same issue in its opinion but does not decide it. Both the respondent and the appellate court rely upon the case of *Curtis* v. *State, ex rel. Morgan* (1923), 108 Ohio St. 292, 140 N. E. 522.

Respondent's contention is without merit. The *Curtis* case, although it may have been good law when decided in 1923, is not relevant to the instant case because the statute upon which the court relied in *Curtis* no longer exists.

G. C. 486-17, upon which the court so heavily relied in *Curtis,* was recodified, in substantially the same language, as R. C. 143.26, which section was repealed in 1961. There is no language in R. C. 124.03 which requires a classified state employee in an appeal from a layoff order to allege political prejudice or personal discrimination as a reason for the layoff in order for the board to have jurisdiction to hear the appeal.

In language that is unmistakably clear, R. C. 124.03 (A) provides that the State Personnel Board of Review shall hear the appeal of a classified state employee who is laid off. The statute does not make the authority to hear an appeal of a layoff order dependent upon the reason for the layoff. In light of the repeal of R. C. 143.26, a limitation can not be implied.

If the General Assembly had intended to limit the board's power to hear layoff appeals to layoffs on account of political or religious affiliation, it could have done so. It did not. Instead, it repealed the former language of limitation.

The term "layoff" has a simple, plain meaning. Through enactment of R. C. 124.03(A) of the Civil Service Act; the General Assembly conferred power upon the State Personnel Board of Review to hear layoff appeals of classified state employees, and gave the board power to affirm, disaffirm or modify decisions as to layoff.

II.

The second question which this court must determine is: Does the director have a right of appeal to the Court of Common Pleas of Franklin County from an order of the board disaffirming the director's layoff of the relator for alleged lack of work?

The answer to that question is: The director does not have such a right of appeal. R. C. 119.01 and 119.12; *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9, 113 N. E. 2d 360 (two cases).

If the director has a right of appeal from an order of the board to the Court of Common Pleas, that right must be conferred by authority of the Ohio Constitution, or by authority of a statute. *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250, 85 N. E. 2d 376. The second paragraph of the syllabus reads as follows:

"There is no right of appeal from a decision of a statutory board * * * except as provided by statute."

That rule of law was laid down by this court in a unanimous decision in *Corn*, *supra*, where Stewart, J., said, at page 11:

"It is the general law of the land and is settled as the law of this state that, although one has an inherent and inalienable right to a fair and impartial hearing or trial with reference to any infringement of his natural, statutory, or constitutional rights, the right of appeal from the result of such trial is not an inherent or inalienable right

but must be conferred by constitution or statute. *City of Middletown* v. *City Commission of Middletown*, 138 Ohio St., 596, 37 N. E. (2d), 609; *Lindblom* v. *Board of Tax Appeals*, 151 Ohio St., 250, 85 N. E. (2d), 376.''

There is no provision of the Ohio Constitution which confers a right of appeal to the Court of Common Pleas upon the director from an adverse decision of the board. The director does not claim such a constitutional right of appeal and the Court of Appeals, in its opinion, does not cite any provision of the Constitution or any case law which purports to confer such a right.

R. C. 124.03, which is the pertinent section of the Civil Service Act, does not confer a right of appeal upon the director to the Court of Common Pleas from an order of the board disaffirming the director's layoff order. In fact, the director does not contend that R. C. 124.03, or any other section of the Civil Service Act, confers such a right of appeal upon him.

Therefore, if the director has a right of appeal, such a right must be found to be conferred upon the director by the Administrative Procedure Act. The pertinent sections of that Act are R. C. 119.01 and 119.12.

In 1945, the General Assembly amended G. C. 154-73 (now R. C. 119.12) to read as follows:

''Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Common Pleas Court of Franklin County.''

That language has remained as a part of R. C. 119.12 from 1945 to the present time.

At the same time, in 1945, the General Assembly amended the definitions in G. C. 154-62 (now R. C. 119.01). The definitions of ''agency,'' ''person,'' ''party,'' ''appeal'' and ''adjudication'' were carefully designed, drafted and enacted into law. The General Assembly defined, with great care, who has a right of appeal to the Court of Common Pleas from any order of a state review agency issued pursuant to an adjudication. The General Assembly deliberately and specifically *did not grant a right*

*of appeal to a board, a department, or a director of a department* from an order of a state administrative review agency issued under the Administrative Procedure Act, except in certain instances which are specifically set forth in the statute and are not applicable here.

The effect of those 1945 amendments and their validity were at issue and determined by this court in the *Corn* case, *supra* (1953).

Stewart, J., succinctly analyzed the pertinent sections of the Administrative Procedure Act and summarized the law, at page 20 in that opinion, as follows:

"Since the board, the department, and the *director* are agencies as defined by the Administrative Procedure Act, since. *agencies* are not included in the definition, in such act, of either *'person'* or *'party,'* since the right of appeal is given by Section 154-73, General Code [R. C. 119.12], only to a *party* adversely affected by an order of an agency, and since there is an absence of specific legislation conferring the right of appeal upon an agency, we are. inexorably driven to the conclusion that the board, the department or the director does not have that right. If those agencies ought. to have the right, the General Assembly, of course,. has the authority to confer it. Whether that should be done is a legislative and not a judicial problem." (Emphasis added.)*

The Court of Appeals, when faced with the language in the Administrative Procedure Act, R. C. 119.01 and 119.12, and the decisions in *Corn* and *Lindblom, supra,* made an effort, in its opinion, to circumvent the statute and the decision in *Corn* by asserting that in the *Corn* case the appeal was by the board, the department and the director,

---

*In apparent response to the holding in the *Corn* case, the General Assembly amended R. C. 119.12 in Amended Senate Bill No. 342 (125 Ohio Laws 488), effective October 21, 1953, to provide for an appeal by "the party or the *agency*" from the judgment of the Court of Common Pleas to the Court of Appeals, but the General Assembly did not grant the right of appeal to the director of a state department from an adverse decision of a state reviewing agency to the Court of Common Pleas.

whereas, here, it was an appeal to the Court of Common Pleas by the State of Ohio, ex rel. Richard D. Jackson, and not by Richard D. Jackson as the appointing authority.

It is the appellee's contention that the state of Ohio is a "*party* adversely affected" by the May 14, 1975, order of the State Personnel Board of Review, and, as such, the state may properly appeal the order to the Court of Common Pleas under the Administrative Procedure Act, and specifically under R. C. 119.12.

R. C. 119.12, in relevant part, provides as follows:

"Any *party* adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County * * *." (Emphasis added.)

The word *party* is defined by statute. A *party* is "[t]he *person* whose interests are the subject of an adjudication by an agency." R. C. 119.01(G).

The Administrative Procedure Act defines *person* as "a person, firm, corporation, association, or partnership." R. C. 119.01(F).

To be a *party* one must first be a *person*. The Administrative Procedure Act's definition of the word *person* does not include the state. Nor does it include any state agency. Nor does it include the director of any agency. Nor is the state on the relation of any department, director or agency a *person*.

If the General Assembly had intended to give the director of a state department or the state on relation of the director a right of appeal, it could have done so. It did not. In fact, the General Assembly gave both the employee and the director a right of appeal in those instances where it so intended and did not give the right of appeal where it so intended. In R. C. 124.34, the pertinent language reads as follows:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review * * * to the Court of Common

Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code."

According to R. C. 119.01 and 119.12, an employee has a right of appeal to the Court of Common Pleas from an adverse decision of the State Personnel Board of Review relative to a layoff order, but neither the state nor the director of a department has a right of appeal to the Court of Common Pleas from an adverse decision of the board relative to a layoff order.

It is crystal clear that under R. C. 119.01 and 119.12, the state of Ohio is not a *party* adversely affected by the May 14, 1975, order of the State Personnel Board of Review.

If the rationalization for which the respondent contends were to prevail, it would make a meaningless mockery of the definitions carefully and deliberately drafted and enacted by the General Assembly in R. C. 119.01, as applied to the right of appeal provided in R. C. 119.12, and the holding of this court in *Lindblom* and *Corn, supra.*

### III.

The third question to be determined by this court is: Where the jurisdiction of a Court of Common Pleas to hear an appeal by a state department director from a decision of a state review board is questioned on the valid ground that no constitutional or statutory right of appeal has been conferred upon the appellant, should the Court of Common Pleas be afforded the opportunity to determine its own jurisdiction, and, in the event that the court holds that it has jurisdiction, should a request for an extraordinary writ of mandamus be denied on the ground that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal?

The answer to that question is that a superior court will afford an inferior court the opportunity to decide its own jurisdiction before granting an extraordinary writ (*State, ex rel. Mansfield Telephone Co.,* v. *Mayer* [1966], 5 Ohio St. 2d 222, 215 N. E. 2d 375), but where the court, in deciding its own jurisdiction attempts to confer jurisdiction upon itself where in fact no jurisdiction whatsover

exists, such an improper assumption of jurisdiction is a usurpation of judicial power and any order made by a Court of Common Pleas pursuant to such a usurpation of judicial power is void and of no force or effect. Where, as in the instant cause, the trial court's action is a usurpation of judicial power and any order it makes is, therefore, void, a superior court will not deny an extraordinary writ upon the ground that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal. *State, ex rel. Northern Ohio Telephone Co., v. Winter* (1970), 23 Ohio St. 2d 6, 260 N. E. 2d 827; *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St. 2d 326, 285 N. E. 2d 22; and *Cincinnati v. Whitman* (1975), 44 Ohio St. 2d 58, 337 N. E. 2d 773.

In *Winter, supra*, Justice Duncan stated, at pages nine and ten:

"We hold that the action of the Court of Common Pleas is unauthorized by law and amounts to a usurpation of judicial power. * * *

"* * *

"* * * The order of the Court of Common Pleas, insofar as it enjoined the discontinuance of service by relator, in effect suspended the commission's order, and was not authorized by law.

"* * *

"Respondent relies upon the case of *State, ex rel. Mansfield Telephone Co., v. Mayer*, 5 Ohio St. 2d 222, arguing that a Court of Common Pleas must have the opportunity to decide its own jurisdiction, subject to the right of appeal. However, in the *Mansfield case* it was held that a writ of prohibition would not issue before the Court of Common Pleas was given an opportunity to decide its own jurisdiction. The instant case differs from the *Mansfield case* in that, in this case, the Court of Common Pleas had such an opportuntiy, and decided the jurisdictional question."

In *Gusweiler, supra*, Justice Schneider stated at page 329:

"If an inferior court is without jurisdiction whatso-

ever to act, the availablity or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.''

*Winter, supra,* and *Gusweiler, supra,* were prohibition cases.

In *Whitman, supra,* where the Director of Environmental Protection ordered the city of Cincinnati to add fluoride to its water, this court affirmed that order even though the Court of Common Pleas of Hamilton County, in a declaratory judgment action, enjoined the city from carrying out the order of the director and that judgment was not appealed. This court based its order upon the reasoning that since there was a defect of parties in the declaratory judgment action, the trial court was without jurisdiction and its action was a usurpation of judicial power and its order was void. The same principle applies in the instant cause. The Court of Common Pleas is without jurisdiction to act because the director has no right of appeal to that court. The court's assumption of jurisdiction where none exists is a usurpation of judicial power and its orders are void.

## IV.

The final question for determination is: Should a writ of mandamus issue?

The answer to that question is that, based upon all the facts and circumstances of this case and the justice to be done, this court, in the exercise of sound legal and judicial discretion, should allow a writ of mandamus. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631, paragraphs one, seven and nine of the syllabus.

The State Personnel Board of Review issued a final order to the Director of the Department of Transportation, disaffirming the order of the director laying off the relator and 344 other employees of that department for lack of work. The director refused to comply with that order. The director has no right to appeal that order to the Court of Common Pleas of Franklin County, therefore, the

director, as a public officer, is under a clear legal duty to perform the official act of complying with the order of the board and restoring the relator and the other employees to their jobs. The relator has no plain and adequate remedy in the ordinary course of the law. An action in mandamus will lie in this court requiring the director to comply with the board's order, *Pressley, supra.*

What are the facts and circumstances of this case and the justice to be done that, in the exercise of sound legal and judicial discretion, support a conclusion that the court should allow the writ?

Three hundred and forty-five employees of the Department of Transportation have been without jobs for at least ten months. The reason they have been without jobs is that the director of the department attempted to appeal a board order to the Court of Common Pleas where, according to law, there is no right of appeal, and the court assumed jurisdiction of that appeal where, under the law, that court had no jurisdiction.

If the case pending in the Court of Common Pleas is permitted to continue on appeal to the Court of Appeals and to this court, then another ten months of delay will ensue. *When that case reaches this court the controlling question of law will be the precise question that is before this court in the instant cause, i. e., does the director of a state department have a right to appeal to the Court of Common Pleas an adverse decision of the State Personnel Board of Review with regard to a layoff order.*

That question is controlled by statutes (which cannot be changed to effect this case) and case law well known to the General Assembly and left unchanged by it for more than 20 years. In the meantime, the employees and their families will suffer the readjustment and the hardships of unemployment and the taxpayers in the end will be required to pay large sums in back pay for which no service will have been rendered to the state. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 291 N. E. 2d 462.

For example, if the involved 345 employees' average

salary is $500 per month, which is probably a conservative estimate, then the present ten months' delay will cost the taxpayers possibly $1,725,000 in back pay (less whatever the employees have earned by diligent effort to find employment), for which no service will have been rendered to the state. To deny the writ and cause the case to continue on appeal will double that cost to the taxpayer to a possible $3,450,000 for no service rendered to the state.

For this court to pursue such a course makes no sense either as a practical matter or in law.

According to law, an action in mandamus will lie in this court requiring the director to comply with the board's order. Based upon all the facts and circumstances in this case and the justice to be done, in the exercise of sound legal and judicial discretion a writ should issue. *Pressley, supra,* paragraph seven of the syllabus.

The judgment of the Court of Appeals is reversed and the judgment which the Court of Appeals should have granted is entered allowing the writ and requiring the director to restore the relator and the 344 other classified state employees named in the May 14, 1975, order of the board to their jobs with the Department of Transportation.

*Judgment reversed and writ allowed.*

HERBERT, STERN, CELEBREZZE and W. BROWN, JJ., concur.

CORRIGAN and P. BROWN, JJ., dissent.

PAUL W. BROWN, J., dissenting. The majority holds that the Director of the Department of Transportation has no right to appeal the May 14, 1975 order of the State Personnel Board of Review. I cannot agree. R. C. 119.12 guarantees a right of appeal to *any* party adversely affected by an order of this type.

The pertinent language of R. C. 119.12 provides:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County * * *."

"Party" is defined by R. C. 119.01(G) as "the *person* whose interests are the subject of an adjudication by an agency." "Person" is defined by R. C. 119.01(F) as "a *person,* firm, corporation, association, or partnership." An "adjudication" is defined by R. C. 119.01(D) as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *." (All emphasis added.)

Applying those definitions to the facts of this case, one concludes:

The director of transportation is a "person."

This matter involves a "determination * * * of the rights, duties, privileges, benefits, or legal relationships of a specified person."

The director of transportation is a person whose interests are the subject of that adjudication, and who now stands "adversely affected" thereby.

The director of transportation is required by R. C. 5501.02 to appoint such employees of the Department of Transportation as are necessary, and to prescribe their titles and duties. To do so, he must be free to allocate both manpower and resources, to the end that economy is practiced, and administration and departmental policies effectuated. To deny this official a clear right to appeal an order which, if wrongly decided, will severely impair his ability to perform his statutory responsibility, is untenable.

The majority does not discuss this statutory analysis. Instead, it relies upon *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9, and concludes that the director of transportation, and the Department of Transportation, are "agencies" within the meaning of R. C. 119.01(A). That statute provides:

" 'Agency' means, except as limited by this division,

any official, board, or commission having authority to promulgate rules or make adjudications in the Bureau of Employment Services, the Civil Service Commission, the Department of Industrial Relations, the Department of Liquor Control, the Department of Taxation, the Industrial Commission, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to Sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses. * * *''

A director or department may fall within this definition of ''agency'' in one of three ways. First, certain officials and boards are so denominated by the statute. They include the Bureau of Employment Services, the Civil Service Commission, the Department of Industrial Relations, the Department of Liquor Control, the Department of Taxation, and the Industrial Commission. Second, certain ''functions'' of a director or department may be made subject to the act by statutes which define duties of that director or department. See Bartunek, Administrative Rules Note, in 1 Page's Revised Code Anno. (1975 Supp.), pages 307 *et. seq.* Finally, any officer, department, division, bureau, board, or commission which exercises a ''licensing function'' is, for that purpose, defined as an agency.

The director of transportation falls within none of these categories. Neither the director nor the department is specifically denominated an agency by the statute. The director's responsibility to appoint employees and to assign duties is not made subject to the act by R. C. 5501.02. And, the responsibilities of the director under R. C. 5501.02 do not involve licensing.

I do not assert that *Corn, supra,* was wrongly decided. Rather, *Corn* is irrelevant to disposition of this cause. *Corn* involved the Board of Liquor Control, the Department of

Liquor Control, and the Director of Liquor Control. To define those units as agencies, within the meaning of R. C. 119.01(A) [then G. C. 154-62], required no judicial legerdemain. The Department of Liquor Control was specifically defined as an agency by the statute. The *Corn* case specifically involved the *licensing* of retail liquor establishments.

Because neither the director of transportation nor the Department of Transportation, herein, is an ''[a]gency'' within the meaning of R. C. 119.01(A), to preclude an appeal for that reason is erroneous.

Additionally, I am troubled by the harsh, restrictive interpretation placed upon the language ''[t]here is no right of appeal from a decision of a statutory board * * * except as provided by statute.'' *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250. The majority construes that language to preclude an appeal save where a statute the most precise so provides. The result will be the vestiture of unfettered discretion in administrative boards, in contradiction of the broad language employed by R. C. Chapter 119.

In my view, the statutes which comprise that chapter are to be liberally construed, to afford any party adversely affected by the order of an administrative agency the right to appeal, save in a situation where an explicit legislative expression to the contrary is found. See, generally, Davis, Administrative Law Text (3 Ed.), 508-524, Chapter 28. This approach comports with my conception of the rule of law, and would best insure that findings of administrative agencies are supported by substantial evidence and that discretion has not been abused. If one were to apply this principle to the present case, the right of the director of transportation to appeal the order of the personnel board would be unquestioned. Instead, we deny that right of appeal, and in so doing, set a precedent which seems to me both unwise and unfortunate.

I would affirm the judgment of the Court of Appeals.

CORRIGAN, J., concurs in the foregoing dissenting opinion.