IN RE APPLICATION OF BLUE CROSS.

[Cite as In re Blue Cross (1978), 60 Ohio App. 2d 245.]

(No. 78AP-224—Decided September 26, 1978.)

*Messrs. George, Greek, King, McMahon & McConnaughey,* and *Mr. Kiehner Johnson* for appellee, Blue Cross of Central Ohio.

*Mr. William J. Brown,* attorney general, *Ms. Karen J. Grant* and *Mr. W. Sean Kelleher,* for appellant, Harry V. Jump, superintendent of insurance.

STRAUSBAUGH, J. This is an appeal by the Superintendent of Insurance of the state from a decision of the Court of Common Pleas which reverses a determination by the Superintendent.

Under R. C. 1739.051, the Superintendent is responsible for reviewing proposed rate changes requested by hospital service associations. The appellee in this case was denied a rate adjustment by the Superintendent in an order and journal entry in this matter on September 23, 1977.

In so ruling, the Superintendent stated:

"***Therefore, we concur with the Hearing Officer's Conclusion of Law that the rates filed by BCCO with the Ohio Department of Insurance are not 'lawful, fair and reasonable', pursuant to Sections 1739.01 and 1739.051, Ohio Revised Code.*** "

The order was appealed by Blue Cross to the Common Pleas Court which reversed the Superintendent's decision in a judgment entry filed April 7, 1978. The Court of Common Pleas found:

"The conclusion of the Superintendent of Insurance that the rates requested were not developed using sound actuarial principles, is unlawful, unreasonable and unfair, is not sup-

ported by reliable, probative and substantial evidence, and is not in accordance with law.

"2. The rates requested in the application of Blue Cross of Central Ohio are actuarially sound, fair and reasonable; the requested rate increases are supported by reliable, probative, and substantial evidence, and are in accordance with law."

Before examining the appellant's assignments of error, we must first determine whether or not the Superintendent has a right of appeal from the determination of the Court of Common Pleas. With regard to appeals, R. C. 1739.051 states in part:

"Any action taken or order issued by the Superintendent pursuant to this section may be appealed by the association as provided for in section 119.12 of the Revised Code."

We cannot find language anywhere in R. C. Chapter 1739 conferring a right of appeal in the Superintendent from a decision of the Common Pleas Court; nor does R. C. 119.12 confer such a right. *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41; *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9.

The late Chief Justice O'Neill, speaking for the majority of the court in *Osborn, supra* at page 48, stated in reviewing the *Corn* case:

"Stewart, J., succinctly analyzed the pertinent sections of the Administrative Procedure Act and summarized the law, at page 20 in that opinion, as follows:

" 'Since the Board, the department, and the *director* are agencies as defined by the Administrative Procedure Act, since *agencies* are not included in the definition, in such act, of either *"person"* or *"party,"* since the right of appeal is given by Section 154-73, General Code (R. C. 119.12), only to a *party* adversely affected by an order of an agency, and since there is an absence of specific legislation conferring the right of appeal upon an agency, we are inexorably driven to the conclusion that the board, the department or the director does not have the right. If those agencies ought to have the right, the General Assembly, of course, has the authority to confer it. Whether that should be done is a legislative and not a judicial problem.' "

Chief Justice O'Neill then went on to say at page 50:

"According to R. C. 119.01 and 119.12, an employee has

a right of appeal to the Court of Common Pleas from an adverse decision of the State Personnel Board of Review relative to a layoff order, but neither the state nor the director of a department has a right of appeal to the Court of Common Pleas from an adverse decision of the board relative to a layoff order."

Although *Osborn* and *Corn* effectively bar appeal by an agency in the majority of cases, an agency is granted a right of appeal by R. C. 119.12 as to:

"***questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record."

In interpreting this provision of the Revised Code, the Supreme Court in *A. B. Jac., Inc.,* v. *Liquor Comm.* (1972), 29 Ohio St. 2d 139, stated the following in the first paragraph of the syllabus:

"The Ohio Liquor Control Commission has a right of appeal from a judgment of the Court of Common Pleas, where all the essential elements of the violation in question were stipulated at the hearing before the commission and where the Court of Common Pleas reverses the order of the Liquor Control Commission upon the basis of a question of law interpreting the application of a regulation of the commission."

The instant case is clearly distinguishable from the *A. B. Jac.* case, in that here the facts are not only not stipulated, but the central issue is whether the Superintendent's decision was supported by reliable, probative, and substantial evidence. The instant case does not involve "the constitutionality, construction or interpretation of statutes and rules of the agency" as intended by the legislature in enacting R. C. 119.12.

We therefore find that this court is without jurisdiction to hear this appeal, in that the Superintendent is without the right of appeal, and it is dismissed *sua sponte* for want of jurisdiction.

*Appeal dismissed.*

WHITESIDE and MCCORMAC, JJ., concur.