OPINION
The State of Ohio, in relation to Dorothy Goldberg, relator, commenced an original action for a writ of prohibition in this court on July 3, 2000, seeking a permanent writ of prohibition against respondents, the Probate Court of Mahoning County, Ohio, and Timothy P. Maloney, Judge of such court. Relator states that on June 23, 2000, respondents issued a writ of attachment to the bailiff of Girard Municipal Court ordering him to go forth into Trumbull County, Ohio, and to seize personal property belonging to her and other individuals. Relator asserts that respondents lack jurisdiction to issue the writ of attachment, and that, as a result of the unlawful acts of respondents, her personal property and property of like situated people were seized.
Attached to the complaint is the order of attachment issued by respondents, which is reproduced herein in Appendix 1.
By order of this court, the case was expedited. The motion of respondents to dismiss was combined with a hearing on the merits before the court on July 24, 2000.
Oral arguments were held concerning the various motions pending before the court. The motion to dismiss the prohibition action for failure to present a claim upon which relief could be granted was overruled on the basis that there was a substantial question of whether the Probate Court had jurisdiction to issue the attachment in question.
There was no material dispute about the facts giving rise to the initiation of the attachment, which is the basis of the prohibition action. The pertinent facts are as follows:
(1) Dorothy Goldberg is the wife of Richard D. Goldberg, an attorney who has been found guilty of embezzling money from former clients in wrongful death actions over which respondents had jurisdiction to approve distribution of funds obtained either by settlement or court action.
(2) The Mahoning County Probate Court procedures were generally ignored, and plaintiffs in the wrongful death actions were apparently not fully compensated.
(3) In Mahoning County Probate Court Case Numbers 1999 GI 143 and 1999 CI 45, In the Matter of the Guardianship of James Michael Kish, and In theMatter of Michael James Kish, attorneys for those incompetents moved respondents to investigate a concealment action, pursuant to R.C. 2109.50,et seq. It was alleged that Richard D. Goldberg, and/or others, had concealed, embezzled, conveyed away or was in possession of monies and chattels that were obtained as a result of the theft and embezzlement of money from the Kish's claims, as well as from other beneficiaries of wrongful death actions. It is agreed by the parties that the Probate Court had the jurisdiction and the duty to conduct the investigation.
(4) The Probate Court found that there was a dearth of evidence regarding Goldberg's admitted theft and conversion of millions of dollars in assets belonging to estates, both within and without the jurisdiction of the Mahoning County Probate Court, and Goldberg had failed to surrender all of his client and estate files, and he disbursed funds to family members.
(5) There appears to be no specific identification of property in the possession of relator that was obtained as a result of Richard D. Goldberg's unlawful embezzlement or theft of funds from the estates for which he was an attorney.
(6) Following the concealment hearing, the attorney for the Kish estates did not request an attachment of property.
(7) Following the concealment action, as indicated in attachment (1) to this Opinion, the trial court found that sufficient grounds for attachment existed under R.C. 2715.01(A)(7), (8), (9) and (10), under R.C. 2109.50, and for the purpose of further inquiry and investigation pursuant to R.C. 2109.56. The court found probable cause to believe that an attachment should be issued without prior notice and hearing, pursuant to R.C. 2715.0457. The court unilaterally, without affidavit or compliance with the prerequisites of R.C. Chapter 2715, issued an extremely broad attachment order to the bailiff of the Girard Municipal Court within Trumbull County, Ohio, to search for, seize and attach any and all business and/or financial records and/or property in the possession or under the control of Richard D. Goldberg and/or any and all members of his family, as well as other persons or entities who are not parties to this prohibition action.
(8) The premises ordered to be searched from which property would be attached included the personal residence of Richard D. Goldberg located at 975 Royal Arms Drive, Girard, Trumbull County, Ohio 44420. This property is the marital residence of Dorothy Goldberg and children.
(9) Over protest by Dorothy Goldberg and her attorney, the search of the residence took place, and a large amount of household goods and other property were taken. This property is held by respondents in a location in Youngstown, Ohio, rented for $1,000 a month, with the charges to be assessed against Richard D. Goldberg.
A copy of the return of the bailiff listing the property seized at the Goldberg residence is attached hereto as Appendix 2.
The first issue is whether respondents had subject matter jurisdiction to issue an attachment order after finding there is probable cause that Richard Goldberg had concealed probate assets, some of which may have been used to purchase items that were in his marital residence.
Relator argues that the prejudgment attachment against property is prohibited by means other than that which has been provided for in R.C. Chapter 2715, and that it may be exercised only through the General Division of the Court of Common Pleas, rather than through Probate Court. He further argues that even if a prejudgment attachment may be ordered by the Probate Division of the Court of Common Pleas, the requirements of R.C. Chapter 2715 must be followed, and the Probate Court blatantly and unconstitutionally ignored the requirements of R.C. Chapter 2715.
Respondents argue the Probate Court has the jurisdiction to issue a prejudgment attachment order pursuant to express authority granted in R.C. 2109.50, and pursuant to plenary powers granted by R.C. 2101.24(C). Respondents contend the Probate Court is not bound by the attachment procedures set forth in R.C. Chapter 2715, but that, if it is, those provisions were substantially complied with.
R.C. 2109.50, entitled, "Proceedings when assets concealed or embezzled" reads as follows:
 Upon complaint made to the Probate Court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. Where necessary such citation, attachment or warrant may be issued into any county in the state and shall be served and returned by the officer to whom it is delivered. The officer to whom such process is delivered shall be liable for negligence in its service or return in like manner as sheriffs are liable for negligence in not serving or returning a capias issued upon an indictment. Before issuing an extra-county citation, attachment or warrant, the probate judge may require the complainant to post security with the probate court in which amount and in such form as the probate judge shall find acceptable in order to cover the costs of the proceeding under this section, including in such costs a reasonable allowance for the traveling expenses of the person or persons against whom an extra-county citation, attachment or warrant is to be issued. Such security may be in the form of a bond, the amount, terms, conditions and sureties of which shall be subject to the approval of the probate judge.
 The probate court may initiate proceedings on its own motion.
 The probate court shall forthwith proceed to hear and determine the matter.
 The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.
 If required by either party, the probate court shall bear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate curt.
 All costs of such proceedings, including the reasonable traveling expenses of a person against whom an extra-county citation, attachment or warrant is issued, shall be assessed against and paid by the party making the complaint, except as provided by section 2109.52 of the Revised Code.
It is conceded that the Probate Court of Mahoning County had jurisdiction either on its own motion or upon motion by a person interested in a trust estate, as was the situation with Kishes, to compel the person or persons so suspected of having concealed, embezzled or conveyed away or of having been in the possession of monies, chattels or choses in action of such estate to appear to be examined on anything touching the matter of the complaint. That was done, although incompletely because Richard D. Goldberg took the Fifth Amendment and refused to testify. The Probate Court found, after the hearing, that the evidence disclosed that Richard D. Goldberg had assets that had been concealed, embezzled or conveyed away.
The second and controversial aspect of R.C. 2109.50 is whether the Probate Judge may then unilaterally attach assets that he suspects may have been concealed, embezzled or conveyed away as a result of the dereliction of Richard D. Goldberg. R.C. 2109.50 refers several times to an attachment. The reference to attachment appears to be directed solely to attachment of a person as it concerns compelling the person or person so suspected of having been involved in the concealment to forthwith appear before it to be examined in regard thereto. R.C. 2109.50 states three means for bringing the suspected person before the court: (1) by citation; (2) by warrant; or (3) by attachment. Historically, attachment of a person is a means for producing a person, although the term is not used very often today. The use of the term "attachment" in R.C. 2109.50
does not refer to prejudgment attachment of property, however, and provides no basis for prejudgment attachment in this case.
The next issue is whether the Probate Court, under any other provision, may exercise prejudgment attachments against assets that have been concealed that relate to its jurisdiction to distribute assets under a wrongful death action, which is exclusive under R.C. 2125.03.
The Probate Court is a division of the Common Pleas Court pursuant to Article IV(C) of the Ohio Constitution. Proceedings in Probate Court are restricted to those actions permitted by statute and by the Constitution, since the Probate Court is a court of limited jurisdiction. Schucker vs. Metcalf (1986), 22 Ohio St.3d 33.
R.C. 2101.24(C) provides as follows:
 The Probate Court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of Revised Code.
R.C. 2101.24(A)(2) provides as follows:
 (2) In addition to the exclusive jurisdiction conferred upon the probate court by division (A)(1) of this section, the probate court shall have exclusive jurisdiction over a particular subject matter if both of the following apply:
 (a) Another section of the Revised Code expressly confers jurisdiction over that subject matter upon the probate court.
 (b) No section of the Revised Code expressly confers jurisdiction over that subject matter upon any other court or agency.
The Probate Court, as previously stated, is given exclusive jurisdiction to distribute proceeds from a wrongful death claim. This provision satisfies the first requirement of R.C. 2101.24(A)(2).
We do not believe that R.C. Chapter 2715 expressly confers jurisdiction over prejudgment attachment of property to any particular division of the Court of Common Pleas. It would not make sense that the Probate Court, who has exclusive subject matter jurisdiction over distribution of assets and not have power under the plenary provision to issue prejudgment attachment, if the situation meets the requirements for prejudgment attachment.
The Ohio Supreme Court in the case of In Re: Estate of Fife (1956),164 Ohio St. 449, held that the broader purpose of a concealment proceedings (R.C. 2109.50) is to facilitate the administration of estates by expeditiously bringing into such estates those assets which rightfully belong there. See, also, Fecteau vs. Cleveland Trust Co. (1960),171 Ohio St. 121.
Thus, we find that the second requirement of R.C. 2101.24(A)(2) is satisfied.
Thus, we hold that respondents had subject matter jurisdiction to institute prejudgment attachment proceedings in Probate Court, pursuant to R.C. 2101.24(A)(2). However, that finding does not end the inquiry.
No procedure is set forth in Probate Code about who may initiate prejudgment attachments of property, the requisites therefore, and the procedures that must be followed. R.C. Chapter 2715 is the exclusive method for attachment of property, other than personal earnings, prior to judgment. R.C. 2715.01(D).
Prejudgment attachment of property involves substantial harm to the owners of the property if the property is wrongfully taken and there are significant requirements to be met for such prejudgment attachment to be constitutional. R.C. Chapter 2715 set forth that procedure, which is subject to constitutional requirements. The Probate Court may utilize prejudgment attachment of property pursuant to its plenary powers under R.C. 2101.24, but it must do so in conjunction with the requirements of R.C. Chapter 2715. We also would point out that if the requirements of R.C. Chapter 2715 were inapplicable to the Probate Court, the constitutional safeguards would still apply.
In Peebles vs. Clements (1980), 63 Ohio St.2d 314, the Ohio Supreme Court declared then R.C. 2715.01 et seq., unconstitutional, and set forth five requirements that must be met for prejudgment attachments to be constitutional:
 1. Statutes providing for prejudgment attachment must at a minimum: (1) require plaintiff to furnish an appropriate bond or other security to compensate a defendant in the event of wrongful seizure; (2) require that an affidavit be filed alleging personal knowledge of specific facts forming a basis for prejudgment seizure; (3) require that a judicial officer pass upon the sufficiency of the facts alleged in the affidavit; (4) provide for dissolution of the seizure upon the posting of a bond by defendant; and (5) provide an immediate right of hearing to the defendant in which plaintiff must prove that the seizure is warranted.
In this case, the prejudgment attachment was issued by unilateral order of the Probate Judge, which eliminated the constitutional requirement that a judicial officer pass upon the sufficiency of the facts alleged in an affidavit, since no affidavit was provided by the plaintiff. R.C.2715.01 requires the action to be commenced by the plaintiff or movant supported by an appropriate bond or security to compensate a defendant in the event of wrongful seizure, and by an affidavit alleging personal knowledge of specific facts forming a basis for prejudgment procedure.
The action taken by the Probate Judge in this case was unconstitutional. By his unilateral action, he completely eliminated the requirement that an affidavit be filed alleging personal knowledge of specific facts forming a basis for prejudgment procedure, as well as the requirement that an independent judicial officer pass upon the sufficiency of those facts. He also eliminated the requirement of an appropriate bond or other security to compensate a defendant in the event of wrongful procedure. Respondents' argument that the Probate Court's findings in relation to the concealment action constitute an affidavit is invalid. Those findings were not based on personal knowledge of specific facts, subject to an independent review. The findings are general and do not describe any property taken from relator. Prejudgment attachment is not a proceeding that allows the Judge to be both the one presenting the facts and the one deciding whether the facts were sufficient to meet the constitutional requirements for a prejudgment attachment. That would be akin to a Judge filing an affidavit for a search warrant and then deciding that it was sufficient. Clearly, the actions of the Probate Judge resulted in the issuance of an unconstitutional prejudgment order of attachment.
At this point, we have decided that respondents had subject matter jurisdiction to issue a prejudgement attachment against assets that may belong to a probate estate within the jurisdiction of this court. We have also held that the constitutional requirements pertaining to R.C. Chapter 2715 apply, and respondents violated the constitutional rights of relator by ordering the prejudgment attachment to seize property in the possession of relator.
The next issue is whether prohibition is an appropriate remedy to correct the unlawful seizure of relator's property.
In order for relator to be entitled to a writ of prohibition, she must meet three conditions required by Ohio law: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be currently unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of the law. State, ex rel., LaBoiteaux Co. vs. Court(1980), 61 Ohio St.2d 60. It has long been recognized that the writ is to be issued only in cases of extreme necessity, because of the absence or inadequacy of other remedies and only when the right is clear, and it should never be issued in a doubtful or borderline case. State, exrel., Merion vs. Court (1940), 137 Ohio St. 273, 277.
In this case, the Probate Court had subject matter jurisdiction to issue a prejudgment attachment order, but it do so in a seriously unconstitutional manner. In essence, the procedure used by the Probate Court only allows after-the-fact relief to relator and was issued without scrutiny by an independent jurist. Compounding the problem is that the prejudgment attachment was exercised against a structure that was an occupied dwelling. R.C. 2715.09(B) provides, in that event, there must be reasonable efforts to personally contact any person who may be present in the structure at that time. That was not done. The bailiffs simply appeared without notice and, over protest of relator and relator's attorney, forcefully entered the occupied dwelling unit. R.C. 2715.09(B) allows the officer to use any lawful means to enter any building or enclosure, other than an occupied dwelling unit, if reasonable efforts to obtain voluntary admittance had failed. In this case, the levying officers entered the occupied dwelling unit without permission. The list of items taken is astounding and seems, for the most part, to bear little relation to the purposes of the attachment.
The jurisdictional requirement for a prohibition action that the exercise of the power must be clearly unauthorized by law is fully satisfied in this case. Not only was the exercise of the power clearly unauthorized by law, it was unconstitutional.
The next requirement is that the court or officer, against whom it is sought, must be about to exercise judicial or quasi-judicial power. Respondents argue that they have already exercised the power and, therefore, prohibition does not lie. If attachment of the assets were the end in itself, their contention may be true. However, the court is continuing to hold the attached property that was obtained by unconstitutional means. The exercise of its judicial power is continuing, as evidenced by the fact that relator not only has no access to the seized property, but is even being required to pay for rent of premises to protect the property. During all of this period of time, relator and her children are being deprived of the use of much of the contents of the household, as witnessed by the extent of the inventory list of property taken forcefully from relator's residence. In State, exrel., Litty vs. Leskovyansky (1996), 77 Ohio St.3d 97, the Ohio Supreme Court rejected this argument stating as follows:
 * * * [W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions.
We also reject the argument that prohibition will not lie when the trial court has ruled on the question of its jurisdiction. In State, exrel., Osborn vs. Jackson (1976), 46 Ohio St.2d 41, the Supreme Court declared that "where the court, in deciding its own jurisdiction, attempts to confer jurisdiction upon itself and the fact that no jurisdiction whatsoever exists, such an improper assumption of jurisdiction is a usurpation of judicial power and any order made by a (court) pursuant to such a usurpation of judicial power is void and of no force or effect." Id. 50-51. Although that ruling was made in a mandamus action, it has equal application to this prohibition action. Once again, we are treating the constitutional deprivation of relator's right to have an impartial examination by an independent Judge as a usurpation of judicial power.
As we have discussed before, the exercise of prejudgment attachment power by respondents in the manner that was utilized is clearly unauthorized by law and was, in fact, unconstitutional.
The final issue is whether refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law. If appeal is an adequate remedy of law, prohibition is not appropriate to correct errors made by the court. However, the Supreme Court in State, exrel., Adams vs. Gusweiler (1972), 30 Ohio St.2d 326, recognized an exception to this rule. The court held as follows:
 If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of the remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by an inferior court. * * * [Id. At 329.]
Since the prejudgment attachment was issued without any exercise of independent scrutiny by an impartial trial court who acted both as the "prosecutor" and the judge, there was a total usurpation of judicial power. Appeal is not an adequate remedy because relator is forced to provide a bond and to bear the burden of proof when the person seeking the prejudgment attachment has not maintained its burden of proof. The fact that relator is entitled to a post-seizure hearing and possession of her property after posting a bond does not remedy the constitutional defect.
We find prohibition is an appropriate remedy to correct the unconstitutional prejudgment attachment order that was issued in this case. We hereby issue a writ of prohibition ordering respondents to cause the property to be returned to relator at respondents' expense.
However, pursuant to agreement of the parties in open court on the record, we grant a stay of our judgment without bond until time for appeal to the Ohio Supreme Court has elapsed or the Ohio Supreme Court has issued a superseding order.
Writ of prohibition granted.
 _____________________ McCormac, V.J.
Reader, V. J. and, Grey, V.J. concur.