DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ohio Department of Mental Retardation and Developmental Disabilities at the Apple Creek Developmental Center (the "Department"), appeals from the decision of the Wayne County Court of Common Pleas which reversed and remanded the order of the State Personnel Board of Review ("SPBR"). We vacate the judgment of the common pleas court.
 I. {¶ 2} The Department employed appellee, Phyllis Woodward, from May 1976 until January 2002, as a Volunteer Coordinator assigned to the Apple Creek Developmental Center. This Volunteer Coordinator position was designated a classified employee position within the meaning of Ohio civil service laws. Additionally, Ms. Woodward's position is included in the Service Employees International Union, the exclusive bargaining unit for the Department.
 {¶ 3} The Apple Creek human resources office notified Ms. Woodward, through a memorandum from the Department's Superintendent, Bill Green, that her position as a Volunteer Coordinator with the Department would be abolished in January 2002. On January 11, 2002, Ms. Woodward received a final notice of the abolishment of her position from the Department, stating that Ms. Woodward had ten days to file a grievance challenging the action; this notice did not make any reference to appeal rights to the SPBR. Pursuant to this notice, Ms. Woodward filed a grievance on January 17, 2002.
 {¶ 4} On January 24, 2002, Ms. Woodward consulted an attorney, who advised Ms. Woodward that she may have appeal rights to the SPBR. On January 25, 2002, Ms. Woodward filed an appeal with the SPBR. On March 28, 2002, an administrative law judge found Ms. Woodward's appeal to the SPBR to be untimely, and on May 17, 2002, the SPBR issued an order dismissing Ms. Woodward's appeal as untimely. On November 22, 2002, the trial court reversed the SPBR's order dismissing Ms. Woodward's appeal, and remanded the appeal for a full hearing on the Department's abolishment of Ms. Woodward's position.
 {¶ 5} The Department asserts three assignments of error. We first address the third assignment of error, since we find it to be dispositive of the case.
 II. Third Assignment of Error
"The Lower Court Erred When Considering The Instant Appeal Because, Pursuant To Revised Code Section 119.12, The Lower Court Lacked Jurisdiction."
 {¶ 6} The Department contends that the trial court erred when it considered the appeal, because the trial court lacked jurisdiction to hear the case, pursuant to R.C. 1191.12. We agree.
 {¶ 7} R.C. 124.03 provides that the SPBR has jurisdiction, pursuant to Chapter 119 of the Revised Code, over appeals by classified state employees from final layoff decisions by appointing authorities. In a case involving a layoff of a classified employee or a displacement that is a result of a layoff, the affected employee may appeal the SPBR's decision to a common pleas court in accordance with R.C. 119.12. R.C.124.328. While R.C. 124.328 does not specifically allow for an appeal from a job abolishment action, the Supreme Court of Ohio has stated that it finds "no logical distinction between layoff and job abolishment actions." Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 382. The Court declared that R.C. 119.12 does grant a right of appeal from the SPBR to a common pleas court with respect to a job abolishment. Id., citing State ex rel. Kendrick v. Masheter (1964), 176 Ohio St. 232, andState ex rel. Osborn v. Jackson (1976), 46 Ohio St.2d 41.
 {¶ 8} The subject matter of the SPBR appeal determines which county common pleas court has jurisdiction over the appeal in question. R.C. 119.12. R.C. 119.12 provides that a party adversely affected by a decision of an agency which 1) denies admission to an examination, 2) denies the issuance or renewal of a license or registration thereof, or 3) allows the payment of a forfeiture under R.C. 4301.252, may appeal to the common pleas court of the county where the place of business of the licensee is located or where the licensee is a resident. The code further provides, in relevant part, that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin [C]ounty[.]" [Emphasis added.] Id.
 {¶ 9} Furthermore, R.C. 124.34, which governs layoff procedures, provides that an appeal can be made to the court of common pleas in the county of the affected employee's residence, but only in situations involving removal and reduction in pay for disciplinary reasons. R.C.124.34 does not specify that other layoff decisions may be appealed to the court of common pleas in the county of the employee's residence.
 {¶ 10} In addition, if the appeal is filed in an improper venue, the common pleas court where the affected employee filed the appeal lacks subject matter jurisdiction over the appeal. Brown v. Ohio State Univ.
(Dec. 22, 1999), 9th Dist. No. 19274, citing In re Appeal of Davis (Dec. 7, 1982), 5th Dist. No. CA-82-8. Consequently, only the Franklin County Court of Common Pleas has subject matter jurisdiction over SPBR appeals involving layoffs and job abolishments that do not relate to removals and reductions in pay for disciplinary reasons.
 {¶ 11} In the instant case, the subject matter of Ms. Woodward's appeal to the SPBR does not involve an admission to an examination, an issuance or renewal of a license, or a payment of a forfeiture; nor does it involve a layoff pursuant to a removal or reduction in pay for disciplinary reasons. Instead, Ms. Woodward's SPBR appeal consists solely of a job abolishment issue. Therefore, the provision of R.C. 119.12
instructing an adversely affected party of "any other adjudication" to appeal to the Franklin County Court of Common Pleas, governs Ms. Woodward's SPBR appeal. Since the Wayne County Court of Common Pleas lacked jurisdiction to hear Ms. Woodward's SPBR appeal, the trial court's judgment is void for lack of jurisdiction. The Department's third assignment of error is well taken.
 First Assignment of Error
"The Lower Court Erred In Finding That The Appellee Met The Equitable Tolling Requirements Established By The Sixth Circuit Court Of Appeals, Rendering Her Appeal To The State Personnel Board Of Review Timely."
 Second Assignment of Error
"The Lower Court Erred In Its Reversal Of The State Personnel Board Of Review's Dismissal And Further Erred In Its Remand Of The Case, As The Board Does Not Have Jurisdiction To Hear The Appeal."
 {¶ 12} Because this Court finds, based on the foregoing discussion, that the Department's third assignment of error is dispositive of the instant case, we decline to address the merits of the Department's first and second assignments of error.
 III. {¶ 13} The Department's third assignment of error is sustained. Due to our disposition of the third assignment of error, the first and second assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is vacated.
Judgment vacated.
WILLIAM G. BATCHELDER, BAIRD, P.J., CARR, J. CONCUR