THE STATE, EX REL. THE MANSFIELD TELEPHONE CO., *v.* MAYER ET AL., JUDGES, COURT OF COMMON PLEAS OF RICHLAND COUNTY, ET AL. (Two cases.)

[Cite as State, ex rel. Mansfield Telephone Co. v. Mayer, 5 Ohio St. 2d 222.]

(Nos. 39575 and 39811—Decided March 16, 1966.)

*Messrs. Power, Griffith, Jones & Bell* and *Mr. John R. Jones,* for relator.

*Mr. Robert K. Rath,* city solicitor, *Mr. Richard M. Christiansen, Messrs. Steer, Strauss, White & Tobias, Mr. Robert J. White* and *Mr. James J. Ryan,* for respondents.

*Per Curiam.* The rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal; and generally prohibition, an extraordinary remedy entertained with caution, will not lie to prevent an anticipated erroneous judgment. *State, ex rel. Knights Templar & Masonic Mutual Aid Assn.,* v. *Common Pleas Court of Meigs County,* 124 Ohio St. 493, 499, 179 N. E. 415, 417; *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County,* 151 Ohio St. 397, 86 N. E. 2d 464; and *State, ex rel. Bier,* v. *Court of Common Pleas of Butler County,* 175 Ohio St. 355, 194 N. E. 2d 849.

Respondents point out that in the injunction actions referred to relator herein has not challenged the jurisdiction of the Court of Common Pleas by motion, demurrer or answer, and that such court has been given no opportunity to pass on its own jurisdiction over the subject matter or persons involved.

In a situation like this we need go no further. The demurrer to the petition should be and is sustained in case No. 39575, and Multi-Channel's motion for judgment on the pleadings should be and is sustained in case No. 39811.

*Judgments accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.