PARKER, APPELLANT, *v.* BOARD OF REVIEW ET AL., APPELLEES.

(No. 47742—Decided July 2, 1984.)

*Bernard, Haffey & Bosco Co., L.P.A.,* and *Edward G. Bohnert,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Q. Albert Corsi,* for appellees.

MARKUS, J. This is the second appeal from common pleas court rulings about this claimant's application for unemployment compensation benefits. We dismissed the previous appeal because it sought review from a nonfinal order for which we lack jurisdiction. *Parker* v. *Bd. of Review* (April 28, 1983), Cuyahoga App. No. 45487, unreported.

Pursuant to R.C. 4141.28(O), the claimant brought this issue to the courts by a statutory appeal from the agency's denial of his claim. Ultimately, the common pleas court dismissed that appeal for lack of subject matter jurisdiction. The court concluded that the claimant failed to file his notice of appeal with the agency within the time limit then required by the code. When we rejected the earlier appeal from a nonfinal order, our opinion advised that the trial court would probably be obliged to take that action. *Id.* at 4-5.

The claimant now complains that the trial court (a) lacked proper evidence to determine whether the jurisdictional time limit has yet begun to run, and (b) unfairly denied him an opportunity to refile his appeal from the agency when his right to appeal eventually matures. These contentions meld into the claimant's single assigned error that the court should have granted his motion to dismiss without prejudice rather than dismissing the action for lack of jurisdiction. His assignment is without merit.

When the agency made its decision, the Revised Code allowed appeals within thirty days after the agency mailed that ruling to "all interested parties." Although subsequently changed, R.C. 4141.28(O) then required the appealing party to file its appeal with the court and the agency within that time limit. The claimant alleges that the agency failed to send a copy of its decision to the Administrator of the Bureau of Employment Services. The time for appeal did not run before the agency sent its decision to the administrator, because the administrator is a statutorily designated interested party. *Fazio* v. *Bd. of Review* (May 21, 1981), Cuyahoga App. No. 42989, unreported.

However, the agency supplied the trial court with an affidavit from its acting secretary. It certified that the agency routinely sent a copy to the administrator at the same time it sent copies to the employer and the claimant. There is no dispute that the claimant failed to file his notice with the agency within thirty days after that date. This court previously ruled that a comparable affidavit was dispositive for this precise issue, unless the claimant presents some evidentiary rebuttal. *Lasky* v. *Bd. of Review* (Feb. 17, 1983), Cuyahoga App. No. 45073, unreported, at 4-5. The present claimant failed to rebut that affidavit with any evidentiary material.

The claimant argues that the trial court should not have considered the agency's affidavit because it was not part of the administrative record. In determining the merits of such an appeal, the common pleas court must rely on evidence contained in the evidentiary record. R.C. 4141.28(O). However, the trial court clearly had jurisdiction to resolve the dispute about its own jurisdiction. Cf. *State, ex rel. Mansfield Tel. Co.,* v. *Mayer* (1966), 5 Ohio St. 2d 222 [34 O.O.2d 428].

In determining its own jurisdiction, the trial court had authority to consider any pertinent evidentiary materials. Cf. *Southgate Development Corp.* v. *Columbia Gas Transmission Co.* (1976), 48 Ohio St. 2d 211 [2 O.O.3d 393], paragraph one of the syllabus; *Mastrangelo* v. *Connor* (Nov. 23, 1983), Cuyahoga App. No. 46115, unreported; *Giachetti* v. *Holmes* (1984), 14 Ohio App. 3d 306; *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79, 85 [72 O.O.2d 287].

When reasonable persons would necessarily find from unrebutted affidavits that the court lacks jurisdiction, the court can dismiss on that ground without a further hearing. *Giachetti* v. *Holmes, supra,* at 307. The trial court faced that situation here. Cf. *Lasky* v. *Bd. of Review, supra.*

Indeed, a contrary ruling might have precluded review of the disputed administrative ruling at any time. The absence of a notation in the administrative record that the agency sent its decision to each interested party might never be corrected. If it were ultimately corrected, the record would presumably report the actual date copies were mailed. The time for appeal ran from the date such copies were mailed, and not from the date the mailings were recorded in the administrative record. R.C. 4141.28(O).

Consequently, the trial court was obliged to dismiss this administrative appeal for lack of jurisdiction. The claimant's requested dismissal without prejudice would avail him nothing, since his time for appeal had expired. His sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and PRYATEL, J., concur.