DEPARTMENT OF ADMINISTRATIVE SERVICES, OFFICE OF COLLECTIVE BARGAINING, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES; FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., APPELLANT.

THE STATE, EX REL. FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., *v.* COURT OF APPEALS FOR FRANKLIN COUNTY ET AL.

THE STATE, EX REL. FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., *v.* DEPARTMENT OF ADMINISTRATIVE SERVICES ET AL.

[Cite as Ohio Dept. of Adm. Serv., Office of Collective Bargaining *v.* State Emp. Relations Bd. (1990), 54 Ohio St. 3d 48.]

(Nos. 90-537, 90-538 and 90-539—Submitted June 19, 1990—Decided October 3, 1990.)

*Paul L. Cox* and *Kay E. Cremeans*,
for the Fraternal Order of Police, Ohio
Labor Council, Inc.

*Anthony J. Celebrezze, Jr.*, attorney general, *Schottenstein, Zox & Dunn Co., L.P.A., Felix C. Wade* and *William J. Barath*, for Department of Administrative Services, Office of Collective Bargaining.

*Anthony J. Celebrezze, Jr.*, attorney general, and *Robert E. Ashton*, for the State Employment Relations Board in case Nos. 90-537 and 90-538.

*Michael Miller*, prosecuting attorney, and *Carol Hamilton O'Brien*, for the Court of Appeals for Franklin County et al. in case No. 90-538.

*Per Curiam.* For the reasons that follow, we grant the various motions to consolidate the cases, overrule the motion to certify the record in case No. 90-537, grant OCB's motion to intervene in case No. 90-538, grant a writ of prohibition in case No. 90-538, and deny a writ of mandamus in case No. 90-539.

### FOP's Right to Immediate Appeal (Case No. 90-537)

The court of common pleas held that it had no jurisdiction to consider OCB's appeal from SERB's order because OCB is not a "person" as defined in R.C. 119.01(F),[1] and only parties who are persons may appeal under R.C. 119.12.[2] As is discussed more fully below, we affirm this conclusion under *State, ex rel. Osborn*, v. *Jackson* (1976), 46 Ohio St. 2d 41, 75 O.O. 2d 132, 346 N.E. 2d 141. However, the correctness of this conclusion does not make the court of ap-

---

[1] R.C. 119.01 provides in part:

"(F) 'Person' means a person, firm, corporation, association, or partnership.

"(G) 'Party' means the person whose interests are the subject of an adjudication by an agency."

[2] R.C. 119.12 provides in part:

"Any *party* adversely affected by any order of an agency issued pursuant to any other adjudication [*i.e.*, other than the adjudications set forth in the first paragraph of the statute, not relevant here] may appeal to the court of common pleas of Franklin county * * *." (Emphasis added.)

peals' acceptance of the case on its docket a final, appealable order.

R.C. 2505.02 defines "final order" as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *"

The mere docketing of a case by the court of appeals does not constitute an "order" as described in R.C. 2505.02. Therefore, docketing the case is not a final order subject to immediate appeal.

FOP also argues that the court's enjoining of collective bargaining during pendency of the appeal is itself a final, appealable order because it was made in a special proceeding and affects a substantial right, citing *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. In *Amato,* we held that a trial court's class certification order in a class action is a final, appealable order, and that determining immediate appealability under the "special proceeding" clause of R.C. 2505.02 "* * * is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

FOP's argument fails this test. Nothing makes appeal to this court following the court of appeals' decision "not practicable." FOP argues that

there has been too much delay already, which has deprived employees of their proper representation. Conceding this still does not make appeal "not practicable."

More important, we have frequently held that denial of a motion to vacate a common pleas court's temporary restraining order or temporary injunction is not a final order under R.C. 2505.02. *Jones* v. *First Natl. Bank of Bellaire* (1931), 123 Ohio St. 642, 176 N.E. 567, syllabus; *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 52 O.O. 2d 29, 260 N.E. 2d 827; *Forest Hills Util. Co.* v. *Whitman* (1975), 41 Ohio St. 2d 25, 70 O.O. 2d 114, 322 N.E. 2d 646; *State, ex rel. Add Venture, Inc.,* v. *Gillie* (1980), 62 Ohio St. 2d 164, 16 O.O. 3d 198, 404 N.E. 2d 151. See, also, *State, ex rel. Tilford,* v. *Crush* (1988), 39 Ohio St. 3d 174, 529 N.E. 2d 1245. We find no reason to apply a different rule to injunctions issued by a court of appeals.

FOP also argues that the court of appeals had no authority to issue the temporary injunction under App. R. 7, but this argument is rebutted on the face of the rule:

"(A) * * * A motion * * * for an order * * * granting an injunction during the pendency of an appeal may be made to the court of appeals * * *. * * * The motion * * * normally will be considered by at least two judges of the court * * *."

Moreover, R.C. 2727.05 provides:

"* * * Upon like proof [an affidavit satisfactory to the court], an injunction also may be allowed by the supreme court or court of appeals, or by a judge of either, as a temporary remedy, during the pendency of a case on appeal in such courts."

R.C. 2727.03 also provides for issuance of injunctions by courts of appeals. Accordingly, the motions to certify the record and to dissolve the injunction are overruled.

FOP's Request for a Writ of Prohibition and OCB's Motion to Intervene (Case No. 90-538)

OCB has filed a motion to intervene under Civ. R. 24. Civ. R. 24(A) states, in part:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

FOP has not objected to OCB's intervention. In *Blackburn* v. *Hamoudi* (1986), 29 Ohio App. 3d 350, 352, 505 N.E. 2d 1010, 1013, the Court of Appeals for Franklin County held that Civ. R. 24(A)(2) should be liberally construed to permit intervention, citing McCormac, Ohio Civil Rules Practice (1970), at 81, Section 4.36. Moreover, in *Schucker* v. *Metcalf* (Nov. 15, 1984), Franklin App. No. 84AP-548, unreported, reversed on other grounds (1986), 22 Ohio St. 3d 33, 22 OBR 27, 488 N.E. 2d 210, Judge McCormac, writing for the court of appeals, permitted persons who were not public officials to intervene in a prohibition case under Civ. R. 24(A)(2). We follow this rule of liberal construction and grant OCB's motion to intervene in this case.

Respondents argue in their motion to dismiss that a court of appeals has authority to determine its own jurisdiction, that appeal and not prohibition is the proper remedy for any error, that the relevant statutes and certain cases construing them do not reveal a total lack of jurisdiction over the case, and that R.C. 2727.05 and App. R. 7 specifically authorize the temporary injunction.

Many cases hold that courts of general jurisdiction have authority to determine their own jurisdiction, that appeal is an adequate remedy, and, in any case, prohibition is not an appropriate remedy to correct errors made by the court. See, *e.g.*, *State, ex rel. Barbee*, v. *Allen* (1917), 96 Ohio St. 10, 117 N.E. 13, and *State, ex rel. Eaton Corp.*, v. *Lancaster* (1988), 40 Ohio St. 3d 404, 409, 534 N.E. 2d 46, 52. *State, ex rel. Emery-Thompson Machinery & Supply Co.*, v. *Jones* (1917), 96 Ohio St. 506, 118 N.E. 115, applied this holding to courts of appeals. However, in *State, ex rel. Adams*, v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 59 O.O. 2d 387, 285 N.E. 2d 22, we announced an exception to this general rule:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.* * *" *Id.* at 329, 59 O.O. 2d at 388, 285 N.E. 2d at 24.

In *State, ex rel. Safeco Ins. Co. of America*, v. *Kornowski* (1974), 40 Ohio St. 2d 20, 60 O.O. 2d 90, 317 N.E. 2d 920, we intimated, and reaffirmed in later cases, that the restriction on jurisdiction must also be "patent and unambiguous" for a writ of prohibition to issue.

In *Osborn, supra*, affirming *State, ex rel. Mansfield Tel. Co., v. Mayer* (1966), 5 Ohio St. 2d 222, 34 O.O. 2d 428, 215 N.E. 2d 375, we stated that in a case of "patent and unambiguous" lack of jurisdiction:

"* * * [A] superior court will afford an inferior court the opportunity to decide its own jurisdiction before granting an extraordinary writ * * *, but where the court, in deciding its own jurisdiction attempts to confer jurisdiction upon itself where in fact no

jurisdiction whatsoever exists, such an improper assumption of jurisdiction is a usurpation of judicial power and any order made by a Court of Common Pleas pursuant to such a usurpation of judicial power is void and of no force or effect. * * *" *Id.* at 50-51, 75 O.O. 2d at 137, 346 N.E. 2d at 147.

However, this procedure has not always been followed. For example, in the *Gusweiler* case, we did not wait for the lower court to determine its own jurisdiction. Similarly, in *State, ex rel. Tollis,* v. *Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 532 N.E. 2d 727, we granted a writ of prohibition and prohibited the court of appeals from considering the appeal of a preliminary injunction before that court had determined its own jurisdiction, stating that the preliminary injunction was patently and unambiguously not a final order. Most recently, in *State, ex rel. Lewis,* v. *Warren Cty. Court of Common Pleas* (1990), 52 Ohio St. 3d 249, 556 N.E. 2d 1184, we issued a writ of prohibition to prevent a court of common pleas from taking jurisdiction in proceedings to enjoin annexation *before* the court had ruled on its own jurisdiction.

We find the procedural language of *Osborn* and *Mayer* irreconcilable with these latter cases. Therefore, we hold that a court considering a writ of prohibition may issue the writ in the interests of judicial economy as follows:

When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction. *Mayer, supra,* and *Osborn, supra,* are overruled to the extent that they are inconsistent with this opinion.

The court of common pleas based its decision on *Osborn, supra,* in which we held that the director of a state department does not have a right of appeal under R.C. 119.12 because to appeal, a party must be a "person" as defined in R.C. 119.01(F), and that a state department is not a "person." Respondents argue that *Osborn*'s authority has been weakened by *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864, and *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 545 N.E. 2d 1260.

In *South Community,* we held in the syllabus:

"The State Employment Relations Board is an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)."

In that case, we construed restrictions on collective bargaining appeals strictly. However, we were not called on to decide the "person/party" issue of *Osborn* since South Community, Inc. is a corporation, which is defined as a "person" under R.C. 119.01(F).

In *Hamilton Cty. Bd.,* we held that a *county* mental retardation and developmental disabilities board is a body corporate and politic and thus is a "person" and a "party" entitled to appeal under R.C. 119.12.

Although *South Community* and *Hamilton Cty. Bd.* broadened rights of appeal from SERB orders, they did not overrule *Osborn, supra,* insofar as it holds that R.C. 119.12 prevents appeal by a state agency as a "party." Clearly, OCB is a state agency, a division of the Department of Administrative Services. It is not a body corporate and politic. Therefore, the court of common pleas was correct in holding that OCB had no right to appeal under R.C. 119.12 and that the court consequently had no jurisdiction.

We recognize that lack of jurisdiction in a trial court would not ordinarily preclude a court of appeals from

hearing an appeal on the issue of whether the trial court correctly concluded that it lacked jurisdiction. However, in this case, appeal to the court of appeals is also governed by R.C. 119.12, which provides in part:

"The judgment of the court [of common pleas] shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the *party* or the *agency* * * *." (Emphasis added.)

We have already determined that OCB is not a "party," as defined in R.C. 119.01(G). Neither is it an "agency," as defined in R.C. 119.01(A).[3] In this context, SERB is the agency. See *South Community, supra,* at 225-226, 527 N.E. 2d at 865. Therefore, like the court of common pleas, the court of appeals lacks jurisdiction under R.C. 119.12.

As the court of appeals lacks jurisdiction generally, it will necessarily lack jurisdiction to issue the injunction. See *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 52 O.O. 2d 29, 260 N.E. 2d 827. Accordingly, based on R.C. 119.12 and *Osborn, supra,* we hold the court of appeals has no jurisdiction to hear OCB's appeal and that lack of jurisdiction is "patent and unambiguous."

The prerequisites for issuing a writ of prohibition are (1) that the respondent is about to exercise judicial or quasi-judicial authority, (2) the authority is unauthorized by law, and (3) denying the writ will result in injury for

which no other adequate remedy exists in the ordinary course of law. *Tollis, supra.* Here, there is no doubt that all prerequisites are satisfied. The first is undisputed. The second is fulfilled by our finding of no jurisdiction, and the third is satisfied because a patent and unambiguous lack of jurisdiction makes availability of either appeal or injunction irrelevant. *Gusweiler, supra; State, ex rel. Coyne,* v. *Todia* (1989), 45 Ohio St. 3d 232, 543 N.E. 2d 1271. Accordingly, we overrule respondents' motion to dismiss and grant a peremptory writ of prohibition, as no issue remains to be proved.

### FOP's Request for a Writ of Mandamus (Case No. 90-539)

Having granted FOP's request for a writ of prohibition in case No. 90-538, we nevertheless decline to issue a writ of mandamus in case No. 90-539. At the time the complaint was filed in this court, intervening respondent OCB was prevented from bargaining by the injunction of the court of appeals. In effect, our decision to grant the writ of prohibition dissolves the injunction, but we do not issue an anticipatory writ of mandamus. OCB clearly has a statutory duty to enter into collective bargaining. See R.C. 4117.14(B)(4). However, "[m]andamus will not lie to remedy the anticipated nonperformance of a duty." *State, ex rel. Home Care Pharmacy, Inc.,* v. *Creasy* (1981), 67 Ohio St. 2d 342, 343, 21 O.O. 3d 215, 216, 423 N.E. 2d 482, 483. We

[3] R.C. 119.01(A) provides in part:

"(A) 'Agency' means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the bureau of employment services, the civil service commission, the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses. * * *"

believe that with the termination of litigation and dissolution of the injunction, OCB will follow the law.

Accordingly, we issue a writ of prohibition in case No. 90-538, deny the writ of mandamus in case No. 90-539, and overrule the motion to certify the record in case No. 90-537.

*Writ of prohibition allowed; writ of mandamus denied; motion to certify the record overruled.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs separately.

DOUGLAS, J., concurring. I write separately to object to the statement by the majority that in *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864, South Community, Inc. was a corporation. In that case, no determination was made regarding the corporate status of South Community, Inc. As such, it is improper (if not error) to now determine that South Community, Inc. was, indeed, a corporation.

Further, I write separately because of the majority's statement that:

"* * * Clearly, OCB is a state agency, a division of the Department of Administrative Services. It is not a body corporate and politic. *Therefore*, the court of common pleas was correct in holding that OCB had no right to appeal under R.C. 119.12 and that the court consequently had no jurisdiction." (Emphasis added.)

In my judgment, OCB has no right to appeal under R.C. Chapter 119 even if it is a body corporate and politic. A body corporate and politic is not, without more, a "corporation" and, hence, neither a "person" nor a "party"[4] within the meaning of R.C. 119.12.[5]

The problem with the majority's analysis of the "person/party issue" in the case at bar stems from this court's decision in *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 545 N.E. 2d 1260. In *Hamilton Cty. Bd.*, this court held that a county board of mental retardation and developmental disabilities is a "person" entitled to appeal under R.C. 119.12. *Id.* at paragraph one of the syllabus. The majority in *Hamilton Cty. Bd.* reached this conclusion by determining that the county board of mental retardation and developmental disabilities is a body corporate and politic. *Id.* at 150, 545 N.E. 2d at 1264. However, a county is not a corporation or a legal person and a majority of this court clearly erred in determining otherwise. *Id.* at 156-157, 545 N.E. 2d at 1270 (Douglas, J., concurring in part and dissenting in part).

On October 12, 1989, SERB certified FOP as the exclusive bargaining representative for a bargaining unit comprised of Ohio Highway Patrol sergeants. It is now the latter part of 1990 and, because of appeals, FOP and OCB do not even know the shape of the bargaining table, let alone the issues to be presented for bargaining. I make this observation merely to point out how the bargaining process is frustrated by premature and improper appeals, and to express my continued concern that R.C. Chapter 4117 be enforced as intended, and as written.

I concur in all other aspects of the majority opinion.

---

[4] See fn. 1, *supra.*

[5] See fn. 2, *supra.*