COLLYER, Appellant,

v.

**BROADVIEW DEVELOPMENTAL CENTER, Appellee.**

[Cite as *Collyer v. Broadview Developmental Ctr.* (1991), 74 Ohio App.3d 99.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–131.

Decided May 14, 1991.

*Thomas E. O'Toole,* for appellant.

*Lee I. Fisher,* Attorney General, and *Raul Rosado, Jr.,* for appellee.

PETREE, Judge.

Appellant, Bruce Collyer, appeals from a judgment of the Franklin County Court of Common Pleas vacating the order of the State Personnel Board of Review.

Appellant was employed by appellee, Broadview Developmental Center ("Broadview"), a facility operated by the Ohio Department of Mental Retardation and Developmental Disabilities. In 1988, Broadview required appellant to attend a psychiatric examination, ostensively to determine whether he was able to perform his job. Following this examination, appellant was placed on administrative leave and was later given a medical leave of absence. In 1989, appellant was again examined and, following this examination, he was notified that he would be given a disability separation, pursuant to Ohio Adm.Code 123:1–33–02.

Appellant appealed to the State Personnel Board of Review ("board"). Relying on Ohio Adm.Code 124–7–04, the board refused to review the merits of Broadview's actions, but rather reviewed only the procedural aspects of the disability separation. Adopting the report of a hearing officer, the board disaffirmed the disability separation on the grounds that Broadview had not filed the order of separation with the board as required by R.C. 124.34. Broadview filed objections to the report, contending that the board had no authority to review a disability separation and that, consequently, there was no need for Broadview to provide the board with notice of its action.

Broadview filed a notice of appeal in the Franklin County Court of Common Pleas. Broadview stated that the appeal was taken under the authority of R.C. 2505.01, 124.34, and 119.12. Appellant filed a motion to dismiss in which he asserted that the court was without jurisdiction to consider Broadview's

appeal. In a journal entry, the court denied appellant's motion to dismiss and vacated the board's order on the grounds that, pursuant to R.C. 124.34, the board was without jurisdiction to review a disability separation. Appellant filed this timely appeal and asserted the following assignments of error:

"I. The trial court erred in vacating the order of the State Personnel Board of Review.

"II. The trial court erred in overruling the motion of appellant, Bruce Collyer, to dismiss the appeal of the Broadview Developmental Center for lack of jurisdiction in the Franklin County Court of Common Pleas."

Although we are inclined to agree with appellant's contention that a disability separation is a suspension or removal reviewable under R.C. 124.34, we find it unnecessary to directly rule on this issue. Appellant's second assignment of error raises the determinative issue in this case. If Broadview has no right to appeal an order of the board to the Franklin County Court of Common Pleas, the court is without jurisdiction to hear the appeal and, consequently, has no power to vacate the board's order.

■ There is no inherent right to appeal from a judgment rendered in an administrative adjudication. Such a right must be expressly conferred by statute or the Constitution. *Corn v. Bd. of Liquor Control* (1953), 160 Ohio St. 9, 11, 50 O.O. 479, 480, 113 N.E.2d 360, 361. In its notice of appeal filed in the Franklin County Court of Common Pleas, Broadview cited three sources of authority upon which it contended the court could properly assert jurisdiction, R.C. 2505.01, 124.34, and 119.12.

■ Broadview's reference in the notice of appeal to R.C. 2505.01 was apparently intended to be a reference to R.C. 2506.01. As Broadview now concedes, R.C. 2506.01 is inapplicable to this case. That section provides for appeal from final orders of any agency of a political subdivision. Because both Broadview and the State Personnel Board of Review are agencies of the state, not of a political subdivision, Broadview cannot appeal under the authority of R.C. 2506.01. *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 7, 22 OBR 1, 6, 488 N.E.2d 181, 186.

■ Broadview's reliance on R.C. 124.34 is equally misplaced. That section provides that "[i]n cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides * * *." It is undisputed that the disability separation was not imposed for disciplinary reasons. Under R.C. 124.34, only removals and reductions in pay imposed for

*disciplinary reasons* may be appealed. *Poole v. Maloney* (1983), 9 Ohio App.3d 198, 199, 9 OBR 309, 310, 459 N.E.2d 247, 248. Furthermore, even if otherwise proper, an appeal brought pursuant to R.C. 124.34 must be filed, if at all, in the common pleas court of the county in which the employee resides. *Davis v. Bd. of Review* (1980), 64 Ohio St.2d 102, 18 O.O.3d 345, 413 N.E.2d 816. Since appellant resides in Cleveland, the Franklin County Court of Common Pleas is without jurisdiction to consider this appeal pursuant to R.C. 124.34.

■ Finally, Broadview maintains that the common pleas court could exercise jurisdiction under the provisions of the Ohio Administrative Procedure Act, R.C. Chapter 119. This section does not clothe the common pleas court with subject matter jurisdiction in this case. R.C. 119.12 grants a right of appeal to parties adversely affected by the order of an agency. In *State ex rel. Osborn v. Jackson* (1976), 46 Ohio St.2d 41, 75 O.O.2d 132, 346 N.E.2d 141, the court held that neither the state, a state agency, nor its director was a "party" within the meaning of R.C. 119.01(G).

Broadview asserts that the Supreme Court modified the *Osborn* holding in *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260. We disagree. In *Hamilton Cty.*, the court simply held that county governmental units were "persons" and therefore "parties" within the meaning of R.C. 119.01, but the court in no way modified its holding in *Osborn*. The point was reiterated in the recent case of *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. In that case, the court held that the Office of Collective Bargaining, a division of the Ohio Department of Administrative Services, was not a "party" within the meaning of R.C. 119.12. *Id.* at 52, 562 N.E.2d 125. Broadview is a facility operated by a state agency, the Department of Mental Retardation and Developmental Disabilities. Accordingly, we find that Broadview, as a state agency, has no right to appeal under R.C. 119.12 and that the court of common pleas has no jurisdiction to hear Broadview's appeal.

Appellant's assignments of error are sustained only to the extent that we find that the Franklin County Court of Common Pleas lacked subject matter jurisdiction over Broadview's appeal. The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded with instructions that Broadview's appeal be dismissed.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and MCCORMAC, JJ., concur.