OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State, ex rel. J.K. & E. Auto Wrecking et al., Appellees, v. Trumbo, Judge, Appellant.

[Cite as State, ex rel. J.K. & E. Auto Wrecking, v. Trumbo (1992),    Ohio St. 3d    .]

Courts -- Municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions -- Plaintiff may include damage claims arising from a lease transaction and housing division has full power to render a complete determination of the parties' rights -- R.C. 1901.181(A), former 1901.131, and 1923.081, applied.

Under R.C. 1901.181(A), former 1901.131, and 1923.081, a municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions, wherein a plaintiff may include damage claims arising from a lease transaction, and the housing division has full power to render a complete determination of the rights of the parties.

(No. 91-1599 -- Submitted April 7, 1992 -- Decided June 17, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No. 61230.

Judge George W. Trumbo, appellant, of the Cleveland Municipal Court, General Division, appeals the grant of a writ prohibiting him from proceeding in a damage action, arising from a lease agreement, filed by Scranton-Averell, Inc.

Scranton-Averell leased property to J.K. & E. Auto Wrecking Company, now United Auto Wrecking, Inc. ("United"), appellees herein. United operated a junk yard on the property. On December 21, 1988, Scranton-Averell filed a complaint in forcible entry and detainer in the Cleveland Municipal Court, Housing Division, alleging in Count I that United had failed to pay rent as agreed. In Count II of the complaint, Scranton-Averell alleged that United owed it $7,148.73 in unpaid rent. On February 28, 1989, the housing court found for Scranton-Averell on Count I, the forcible entry and detainer action. On March 30, 1989, the court dismissed Count II, which sought back rent, for lack of prosecution. On May 16, 1989, the court issued a writ of restitution. United quit the premises, removing much of the personal property, but evidently left behind about five thousand tires.

On June 23, 1989, Scranton-Averell filed a supplemental complaint for a mandatory injunction to order United to remove the tires and to pay the cost to restore the property. On August 28, 1989, the court vacated its order as to the second cause of action on back rent, and struck the supplemental complaint. On September 27, 1989, United appealed this decision to the court of appeals.

On June 27, 1989, Scranton-Averell filed a second lawsuit in the Cleveland Municipal Court, General Division. This case was assigned to Judge Trumbo and is the underlying action in the instant case. The complaint was a duplicate of the supplemental complaint filed in the housing division case. Scranton-Averell, on January 8, 1991, filed a supplemental complaint in the general division case, seeking sanctions for alleged frivolous legal maneuvers, damages for removing the tires, which Scranton-Averell had accomplished, and lost rental revenue. United answered and counterclaimed; Scranton-Averell moved to strike the counterclaim.

Judge Trumbo set the case for trial for February 6, 1991, but, on January 28, 1991, United filed the instant complaint for a writ of prohibition in the Court of Appeals for Cuyahoga County to prevent Judge Trumbo from proceeding.

Scranton-Averell has also filed a complaint in the Cleveland Municipal Court, General Division, seeking back rent. That court referred such case to the housing division on January 23, 1990. The housing court stayed such third action pending the resolution of the first suit filed in the housing division and then pending on appeal.

The court of appeals granted the writ. It first held that the housing division has exclusive jurisdiction over any civil action filed under R.C. Chapter 1923,

the forcible entry and detainer chapter, and that all the claims in the underlying action arose from the lease agreement between the parties. Alternatively, it found that the housing division and the general division have concurrent jurisdiction and that the housing division has jurisdiction in the underlying action because Scranton-Averell filed its action there first. Finally, the court held that, in either event, Judge Trumbo pursued an unauthorized usurpation of judicial power, and United did not need to establish a lack of an adequate legal remedy to obtain a writ.

The cause is now before this court upon an appeal as of right.

Donald Weisberger, for appellees.
Danny R. Williams, Director of Law, and Pamela A. Walker, for appellant.

Per Curiam. Appellant Judge Trumbo argues that the housing division's jurisdiction does not extend over the underlying action herein because it involves a trespass. United, on the other hand, contends that the statutes provide the housing division with jurisdiction over the underlying action and that Judge Trumbo should be prevented from proceeding.

R.C. 1901.011 creates a housing division in the Cleveland and Toledo Municipal Courts. R.C. 1901.181(A) grants the housing division "* * * exclusive jurisdiction * * * in any civil action commenced pursuant to Chapter 1923.   * * *."

R.C. 1923.01(A) empowers a judge to inquire about "* * * persons who make unlawful and forcible entry into lands or tenements and detain them * * *" and to restore the property to the party complaining. R.C. 1923.081 permits a forcible entry and detainer action to "* * * include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement * * *[.]"

Finally, former R.C. 1901.131 stated:

"Whenever an action or proceeding is properly brought in the housing division of a municipal court, the housing division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render judgment or make a finding or order in a like action or proceeding."

Thus, under R.C. 1901.181(A), former 1901.131, and 1923.081, a municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions, wherein a plaintiff may include damage claims arising from a lease transaction, and the housing division has full power to render a complete determination of the rights of the parties. Consequently, the Cleveland Municipal Court, Housing Division, has exclusive jurisdiction over the dispute between the parties and the claims

arising from it.  Therefore, Judge Trumbo is patently and unambiguously without jurisdiction in the underlying action. Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus.

Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.