ARMITAGE, Appellee,

v.

MIAMI UNIVERSITY, Appellant.

[Cite as *Armitage v. Miami Univ.* (1995), 103 Ohio App.3d 461.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–12–230.

Decided May 15, 1995.

*Gary A. McGee* and *Timothy R. Evans,* for appellee.

*Thompson, Hine & Flory, William C. Moul* and *Bonnie I. O'Neil,* for appellant.

WILLIAM W. YOUNG, Judge.

Appellant, Miami University ("Miami"), appeals the decision of the Butler County Court of Common Pleas granting the motion of appellee, Lisa Armitage, to dismiss the university's appeal from a decision of the State Personnel Board of Review ("SPBR"). The lower court concluded that it lacked jurisdiction to hear Miami's appeal.

Miami employed Armitage as an Administrative Specialist in the Office of Student Financial Aid. Effective October 12, 1993, the university placed Armitage on involuntary disability separation ("IDS") pursuant to Ohio Adm.Code 123:1-3-01 *et seq.,* which rules are promulgated under R.C. 124.09.

Armitage appealed the IDS to the SPBR. On August 10, 1994, an administrative law judge recommended that the SPBR disaffirm Armitage's placement on IDS. On October 4, the SPBR adopted this recommendation, over Miami's objections, and ordered the university to restore Armitage to her former position with full back pay and benefits.

Miami appealed the SPBR's order to the Butler County Court of Common Pleas on October 19, 1994. Armitage filed a motion to dismiss the appeal on October 31, 1994. On November 28, 1994, the court entered an opinion and order dismissing the appeal, holding that R.C. 124.34 does not provide for an appeal of a decision of the SPBR unless "disciplinary reasons" are involved.

On appeal to this court, Miami sets forth the following two issues for review under its sole assignment of error:

"(1) Section 124.34 of the Ohio Revised Code grants to the employer (state agency) and its employees the right to appeal an adverse decision of the State Personnel Board of Review in an involuntary disability separation case.

"(2) The General Assembly's amendment of Section 124.03 of the Ohio Revised Code to include involuntary disability separation in the definition of discharge grants employees placed upon involuntary disability separation and their employers the same statutory rights as apply when employees are otherwise removed under Section 124.34."

 The lower court, per Judge John R. Moser, cogently addressed these issues in its opinion and order dismissing the appeal filed on November 28, 1994. The lower court followed *Collyer v. Broadview Dev. Ctr.* (1991), 74 Ohio App.3d 99, 598 N.E.2d 75. That portion of the lower court's decision addressing these issues is worth quoting in its entirety:

"We next review Miami's appellant [*sic* ] rights under R.C. 124.34, which states in part:

" 'In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review or the Commission to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by § 119.12 of the Revised Code.'

"Armitage argues that only where there is a 'removal or reduction in pay for disciplinary reasons,' can an appointing authority or employee appeal, thus precluding Miami from any appella[te] rights for IDS. Miami, on the other hand contends that this is not a proper interpretation. Miami's contention is that this provision should be read as follows, 'In cases or removal or in cases of reduction in pay for disciplinary reasons.' If we were to follow this interpretation, there would be no right of appeal in cases of *removal* for disciplinary reasons. We believe that the prepositional phrase 'of removal or reduction in pay' modifies the word 'cases' and the word 'cases' refers to 'disciplinary reasons.' Thus, having arrived at this interpretation, we would conclude there are no appellate rights to the Court of Common Pleas under R.C. § 124.34, unless disciplinary reasons are involved. *Sub judice,* Armitage was not removed for disciplinary reasons. We realize that this imposes considerable restrictions on an appeal from the PBR, however, a litigant has only a statutory not an inherent right to appeal. *Corn v. Board of Liquor Control* (1953), 160 Ohio [St.] 9, 11 [50 O.O. 479, 480, 113 N.E.2d 360, 361]; *Collyer, supra* [74 Ohio App.3d at 101, 598 N.E.2d at 76–77]. We also cite *Collyer, supra,* at 101 [598 N.E.2d at 76–77], for the proposition that under

'R.C. § 124.34, only removals and reductions in pay imposed for disciplinary reasons may be appealed.'

"We recognize as Miami urges, that R.C. § 124.03 was amended one year after *Collyer* was decided. R.C. § 124.03 deals with 'Powers and Duties of State Personnel Board of Review.' This Section sets forth the jurisdiction of the PBR to hear various appeals and the amendment included the language, 'As used in this division, discharge includes involuntary disability separations.' Therefore, says Miami, there was a legislative intent to allow appeals from the PBR for IDS. If this were true, the General Assembly should have amended R.C. § 124.34, which deals with appeals from the PBR to the Common Pleas Court. In addition, however, we observe that the General Assembly may have been concerned that due to *Collyer, supra,* there may not exist an appeal from the appointing agency to the PBR. In *Collyer,* the appointing authority filed objections contending that the PBR had no authority to review a disability separation and for that reason, the appointing authority did not have to provide the PBR with a notice of its action as required by R.C. § 124.03. The amendment laid to rest such contention.

"R.C. § 124.03 itself acknowledges that all of its decisions may not be subject to an appeal to a court. For example, this Section includes the following language:

" 'In any hearing before the Board, including any hearing at which a record is taken that may be the basis of an appeal to a court, an employee may be represented * * *.'

"This language anticipates that there may be hearings which cannot be appealed or otherwise the words 'including any hearing at which a report is taken that may be the basis of an appeal to the court' would be superfluous."

This court adopts the reasoning of the trial court quoted above in its entirety. Miami does not suggest that an IDS is strictly equivalent to a disciplinary action. Under the plain language of R.C. 124.34, only removals and reductions in pay imposed for "disciplinary reasons" may be appealed to the common pleas court. *Collyer, supra,* 74 Ohio App.3d at 101–102, 598 N.E.2d at 76–77. Had the legislature intended otherwise, it could have amended the section to confer such a right to appeal. Miami's assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

WALSH, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The trial court's well-written decision adopted by the majority of this court holds that there is no appeal from the decision of the State Personnel Board of Review in the case of an involuntary disability separation of an employee. They reason that, if there were, the legislature would have told us so.

Is it possible that the legislative intent would allow such interpretation of the statute or was it a drafting oversight in the enactment of the amendment? Whether by legislative intent or oversight, this court's affirmation effectively denies either the employer or the employee the complete due process which is accorded other employees and employers in the case of removals or reduction in pay for disciplinary reasons.

·Accordingly, I dissent.