**In re PROTEST OF BROOKS REGARDING INITIATIVE PETITIONS ON THE OHIO PRESCRIPTION DRUG FAIR PRICING ACT.**

2003-Ohio-1213.]

Court of Common Pleas of Ohio,
Darke County.

No. 03–CV–60427.

Decided Feb. 10, 2003.

Richard M. Howell, Darke County Prosecuting Attorney, for Darke County Board of Elections.

Quintin F. Lindsmith, for Protestor Keith Brooks.

Donald J. McTigue, for Proposed Intervenors.

JONATHAN P. HEIN, Judge.

{¶ 1}  This matter came before the court for hearing pursuant to notice and upon the application of the board of elections to establish the sufficiency of part-petitions.  The board was represented by Richard M. Howell, the Prosecuting Attorney of Darke County.  Also appearing was Quintin Lindsmith, Esq., who represented the protestor, Keith Brooks.

## Case History

{¶ 2}  The Darke County Board of Elections received various initiative petitions from the Ohio Secretary of State for purposes of determining the validity of various signatures on the petitions as required by R.C. 3519.15.  The board made

its decision and returned the part-petitions to the Secretary of State. Thereafter, pursuant to R.C. 3519.16, Keith Brooks filed a protest to the board's decision concerning part-petitions Nos. 4053 and 4054. Brooks requested that he be joined as a party to this matter, and the court approved the request. Additionally, various other interested persons moved to join in this matter, including members of the initiative petition committee and the Ohio Coalition for Affordable Prescription Drugs. No decision on joinder was made by the court in advance of the hearing.

## Motion to Intervene by Initiative Committee

{¶ 3} The persons seeking to intervene are members of the committee who are sponsoring the initiative petition along with an organization described as the Ohio Coalition for Affordable Prescription Drugs. In support of joinder, these persons state that "their interest is in having the petition processed expeditiously and presented immediately to the General Assembly * * * and in ensuring that opponents * * * do not delay completion of the process of validating the signatures and part-petitions by raising spurious protests."

{¶ 4} On the day of the hearing, the proposed intervenors filed a brief in support of their position. However, counsel for the proposed intervenors indicated to Howell and Lindsmith that he would not be appearing at the hearing. At the hearing, no proposed intervenor or counsel for them appeared.

{¶ 5} The court is guided by Civ.R. 24 in making its decision regarding a persons right to intervene in a civil action. Generally, Civ.R. 24(A) should be liberally construed to permit intervention, *Ohio Dept. of Adm. Serv. v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, especially when there is a constitutional right to intervene or when a party claims an interest in a particular transaction, and the litigation may impair his interest unless the interests of the proposed intervenor can be protected by an existing party.

{¶ 6} The court finds that the proposed intervenors have failed to appear for the hearing herein. In their absence, they apparently concede that they do not have an unconditional statutory right to intervene, Civ.R. 24(A)(1), or that their interests can be represented by the prosecuting attorney on behalf of the board of elections, Civ.R. 24(A)(2).

{¶ 7} Further, if the proposed intervenors claim a permissive right to intervene, they have not recognized a reciprocal duty to participate in the litigation and to be prepared to argue the merits of the pending matter. When a party seeks permissive joinder under Civ.R. 24(B), the court is granted broad discretion in determining whether joinder should be granted. The court notes that the proposed intervenors have attempted to raise constitutional challenges to

various sections of the Revised Code but have also failed to seek the joinder of, or perfect service upon, the Ohio Attorney General. This court was prepared to pose to the proposed intervenors various questions regarding the facts and the law in this matter; the failure of counsel and/or proposed intervenors to appear has only raised questions and frustrated the purposes of the hearing. Therefore, this court denies the motion to intervene as filed by various proposed intervenors. The pleadings of the proposed intervenors will not be considered.

## Validity of the Initiative Petitions

{¶ 8} The protestor has challenged part-petitions Nos. 4053 and 4054 on two grounds: (1) that the compensation statement on each petition is improper, and (2) that the payor disclosure on each petition is false. The language from the initiative petitions that raises these questions is as follows: "In consideration for services in soliciting signatures to this petition the solicitor has received or expects to receive *$1.00–$1.25* from *John Mitchell* whose address is *2301 E. Sharon Road, Cincinnati, OH 45241.*" (The underlined portions are the handwritten information inserted into the statutory form.) The court will consider these questions separately.

{¶ 9} *Issue No. 1: Is the compensation statement improper?* The circulator of the petitions in question wrote that he received or expected to receive "$1.00–$1.25" as compensation. The protestor claims that this compensation language does not adequately explain the amount being paid to the circulator and does not comply with R.C. 3519.06.

{¶ 10} The question for the court to consider is whether there must be strict compliance with R.C. 3519.06 or whether the lesser standard of substantial compliance may be applied. Guidance is found in *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239. Although considering a different section of the election laws pertaining to petition requirements, the Lorain County case is applicable:

{¶ 11} "The settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states that it is. *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 539, 757 N.E.2d 319." Id. at ¶ 49.

{¶ 12} In this matter, this court determines that, in the absence of statutory language permitting merely substantial compliance with provisions of R.C. 3519.06, there must be strict compliance with the provisions of this section.

{¶ 13} In applying this strict compliance requirement, this court cannot determine whether the compensation is paid per petition, or per signature, or per

hour. Also, is the compensation rate different for valid signatures compared to invalid signatures? Or does the rate change after a certain (but undisclosed) number of signatures is obtained?

{¶ 14} This court determines as a matter of law that the compensation section of the initiative petition is "not properly filled out" as required by R.C. 3519.06(A). Further, this court determines as a matter of law that the compensation statement in the initiative petition is "false" as prohibited by R.C. 3519.06(D).

{¶ 15} *Issue No 2: Is the payor disclosure statement false?* At the hearing conducted herein, the protestor presented evidence that the payor, "John Mitchell," was not an Ohio resident with an address of "2301 East Sharon Road, Cincinnati, OH 45241." Instead, the evidence presented indicates that a person who identified himself as John Mitchell rented four rooms at the Sharonville Red Roof Inn. Mitchell provided a home address in San Diego, California.

{¶ 16} Based upon the unrefuted testimony, this court agrees with the protestor's conclusion that "if there is a John Mitchell, it appears that he is a petition initiative carpetbagger who left town when the deed was done and is now incapable of being subpoenaed to testify in response to any protests." This court determines that the identity and address of the payor is false and, therefore, a violation of R.C. 3519.06(D).

{¶ 17} Finally, in view of the court's decision not to join members of the initiative committee and lack of notice to the Ohio Attorney General, the constitutional challenges based upon provisions of the United States Constitution and the Ohio Constitution are not considered herein.

### Conclusion

{¶ 18} The protestor has established that the part-petitions in question do not comply with Ohio elections law. Part-petitions Nos. 4053 and 4054 are determined insufficient and do not qualify for submission of the question to the General Assembly.

{¶ 19} AND IT IS SO ORDERED.

*Judgment accordingly.*