OPINION
{¶ 1} Relators Scott and Theresa Jones have filed a Petition for Writ of Prohibition and Mandamus essentially seeking to require the trial court to hold a jury trial in reference to their appeal of the decision of the Perry County Commissioners. Respondent has not filed an answer or response.
 {¶ 2} In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. Ohio Dept. of Adm. Serv., Office ofCollective Bargaining v. State Emp. Relations Bd. (1990),54 Ohio St.3d 48, 562 N.E.2d 125.
 {¶ 3} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 4} Relators' petitioned the Perry County Commissioners for a partial road closure which was denied. Relators appealed to the trial court; however, the trial court *Page 3 
granted summary judgment in favor of the commissioners on the basis Relators' failure to file a timely Notice of Appeal. Relators then filed an appeal with this Court in Case Number CA-06-8 wherein we found Relators were prevented from timely filing their Notice of Appeal due to the Commissioners' failure to comply with R.C. 5553.29, which required the Commissioners to set a date certain for a future hearing.
 {¶ 5} R.C. 5563.05 provides for a jury trial where a timely notice of appeal is filed from the decision denying the road closure. In reversing the trial court, we did not find Relators' filed a timely Notice of Appeal. Rather, we found the Commissioners' failure to comply with R.C.5553.29 made their denial of the road closure ineffective. Consequently, there was no decision from which Relators could properly appeal. This matter should necessarily be sent back to the Commissioners to comply with the requirements of R.C. 5553.29.
 {¶ 6} In considering Relators' request for a writ of prohibition, we have found the trial court acted properly in referring the case back to the Commissioners in response to our holding in Case Number CA-06-8, therefore, the trial court is not about to exercise unauthorized judicial authority. The trial court's authority was authorized by our ruling in the prior case.
 {¶ 7} Relators maintain the trial court is under a clear legal duty to provide Relators with a jury trial pursuant to R.C. 5563.05. This would be accurate if an appeal from a proper denial of the road closure request had been made. Because Commissioners' denial of the road closure did not result in a valid order, Relators could not properly perfect their appeal to the Common Pleas Court. Only a properly perfected appeal entitles a party to a jury trial under R.C. 5563.05. The trial court has *Page 4 
no clear legal duty to provide a jury trial, and the Relators have no clear right to a jury trial at this point. A writ of mandamus cannot issue without the presence of a clear legal duty and corresponding legal right. {¶ 8} WRITS DENIED.
Wise, P.J. Edwards, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relators' Writ of Prohibition and Mandamus are hereby denied. Costs taxed to Relators. *Page 1