OPINION *Page 2 
{¶ 1} Petitioner Belinda Rife Anello has filed a Petition for Writ of Prohibition requesting the trial court be prevented from executing the jail sentence imposed upon Petitioner. Additionally, Petitioner has also filed a Motion for Stay. She, likewise, filed a Motion for Stay in Case Number 2008CA00205, which we denied.
 {¶ 2} For a writ of prohibition to issue, the petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. Ohio Dept. of Adm. Serv., Office ofCollective Bargaining v. State Emp. Relations Bd. (1990),54 Ohio St.3d 48, 562 N.E.2d 125. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of prior actions taken without jurisdiction. State ex rel.Goldberg v. Mahoning Cty. Probate Court (2001), 93 Ohio St.3d 160, 162,753 N.E.2d 192. State ex rel. Sautter v. Hon. Lawrence Grey L 1151878, *5-6.
 {¶ 3} Petitioner was convicted by a jury of two counts of Cruelty to Animals, in violation of R.C. 959.13, misdemeanors of the second degree. Petitioner was sentenced to ninety (90) days in jail with all but twenty (20) days suspended. Petitioner has filed two appeals and several writs which delayed the imposition of her jail *Page 3 
sentence. Petitioner has already served her twenty (20) day sentence which likely makes the instant Petition moot. We will nonetheless address the merits of the Petition.
 {¶ 4} Although captioned as a Petition for Writ of Prohibition, Petitioner merely seeks to have her jail sentence stayed until her remaining litigation has concluded. Petitioner does not actually suggest Respondent lacks jurisdiction to impose the jail sentence.
 {¶ 5} R.C.1901.02 confers jurisdiction upon the Canton Municipal Court over misdemeanors occurring within its territorial boundaries. The misdemeanors charged in this case occurred in Sandy Township, Waynesburg, Ohio, which is within the territorial boundaries of the Canton Municipal Court.
 {¶ 6} Petitioner has failed to show Respondent patently and unambiguously lacked jurisdiction to impose the sentence upon Petitioner, therefore, the requested writ will not issue.
 {¶ 7} MOTION DENIED.
 {¶ 8} WRIT DENIED.
 {¶ 9} COSTS TO PETITIONER.
Delaney, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Prohibition is hereby denied. Costs taxed to Petitioner. *Page 1