[Cite as *Phillips v. Eyster*, 2011-Ohio-5427.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHARLES PHILLIPS, et al.,

     Petitioners,

v.

HON. OTHO EYSTER, et al.,

     Respondents.

JUDGES:
Hon. John W. Wise, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 11 CA 15


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Writ of Prohibition And For Alternative Writ |
| JUDGMENT: | Denied |
| DATE OF JUDGMENT ENTRY: | October 20, 2011 |
| APPEARANCES: | |

| For Petitioners | For Respondents |
|---|---|
| JAMES R. DOUGLASS<br>JAMES R. DOUGLASS CO. LPA<br>20521 Chagrin Blvd. Suite D<br>Shaker Heights, Ohio 44122 | |


*Wise, P. J.*

{¶ 1} Charles and Suzanna Phillips have filed a Complaint for Writ of Prohibition against Judge Otho Eyster, the Knox County Court of Common Pleas and Sheriff David B. Barber. In the Complaint, Petitioners seek to prevent the Respondents from proceeding in a foreclosure case filed in the Knox County Court of Common Pleas. Essentially, Petitioners argue Respondents lack jurisdiction over the foreclosure action because the underlying Plaintiffs, Aurora Loan Services, did not hold a mortgage against Petitioners' property. They claim Aurora's interest was in "Blackacre," however, Aurora erroneously filed a foreclosure complaint and the foreclosure activity proceeded against "Whiteacre."

{¶ 2} As an initial matter, Petitioners have named the Knox County Court of Common Pleas as a Respondent. A court is not sui juris, and absent express statutory authority, a court can neither sue nor be sued in its own right. *State ex rel. Cleveland Municipal Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 296 N.E.2d 544. Because the Knox County Court of Common Pleas is not a proper Respondent, the requested writ is denied as to the Knox County Court of Common Pleas.

{¶ 3} In order for a writ of prohibition to issue, a petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178, 631 N .E.2d 119.* A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48,

562 N.E.2d 125. *State ex rel. Daniels v. Harris, 2008 WL 5197131, 1 (Ohio App. 5 Dist.).* Prohibition will not issue where there is an adequate remedy at law. *Id.*

{¶ 4} Pursuant to R.C. 2305.01, the trial court has basic subject matter jurisdiction over foreclosure actions. The Supreme Court has stated, "It has been held that, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112." *State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267.*

{¶ 5} We find Respondents do not patently and unambiguously lack jurisdiction over the foreclosure action. Because Respondent Eyster has basic subject matter jurisdiction over foreclosures, Respondent is able to determine its own jurisdiction.

{¶ 6} Further, Petitioners have an adequate remedy at law to challenge the jurisdiction by way of appeal. In fact, Petitioners did pursue an appeal in this Court raising essentially the same arguments as are raised in this Complaint.

{¶ 7} For these reasons, the requested writ of prohibition will not issue.

By: Wise, P. J.
Edwards, J., and
Delaney, J., concur.

_____

_____

_____
JUDGES

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHARLES PHILLIPS, et al.,      :
                                        :

    Petitioners,               :

                                          :
v.                                        :              JUDGMENT ENTRY

                                          :
HON. OTHO EYSTER, et al.,      :

                                          :
    Respondents.          :              Case No. 11 CA 15


For the reasons stated in our accompanying Memorandum-Opinion, the Complaint for Writ of Prohibition is denied.

Costs assessed to Petitioners.


_____


_____


_____

                                JUDGES